**Karriem THORNE, Appellee-Petitioner,**

v.

**WARDEN, BROOKLYN HOUSE OF DE-TENTION FOR MEN, Appellant-Respondent.**

No. 793, Docket 73–1299.

United States Court of Appeals, Second Circuit.

Argued March 22, 1973.

Decided May 16, 1973.

Morris Harary, Asst. Dist. Atty. (Eugene Gold, Dist. Atty., Kings County, N. Y., of counsel), for appellant-respondent.

Phylis Skloot Bamberger, Atty. (Robert Kasanof, The Legal Aid Society, New York City, of counsel), for appellee-petitioner.

Before SMITH, FEINBERG and MANSFIELD, Circuit Judges.

MANSFIELD, Circuit Judge:

This appeal raises serious questions as to the constitutionality of the lengthy pretrial incarceration of persons accused of crime in the Supreme Court of the State of New York, Kings County, who are unable to furnish bail, where the delay is due solely to the State's failure to provide the necessary additional judgeships, facilities and supporting personnel (e. g., prosecutors, stenographers, court and probation officers) required to try the increasing backlog of pending criminal cases in that county.

Karriem Thorne was arrested on January 29, 1972, on charges of robbery, which led to the filing of three indictments against him, two in April, 1972 (Nos. 937 and 2865) and one in October, 1972 (No. 2090). Because of his inability to furnish bail in the amount fixed by the state court, even after the amount was somewhat reduced as a result of his repeated applications, he was held in the Brooklyn House of Detention awaiting trial.[1] After he had been thus "detained" in jail for almost a year awaiting trial, on October 17, 1972, he filed a *pro se* petition with the United States District Court for the Eastern District of New York seeking removal of the three indictments against him to the federal court, which stated, among other things, that following his arrest he had "requested for an immediate disposition pursuant to Sec. 268, C.C.P., also the 5th and 14th Amendments U.S.C. Due Process and Equal Protection clauses. Motion for disposition was therein denied said case after eight months incarceration is still pending against petitioner in lieu of $15,000 dollars bail." In a letter annexed to his petition he further stated "There has been an unreasonable and unjustifiable delay in The People's Prosecution. (See sections 8, 188 and 668 of the Code of Criminal Procedure). I've been detained now awaiting pending fair and impartial trial procedures at the Brooklyn Supreme Court, for approximately nine months. Said unreasonable delay in prosecution is unjustifiable." Judge Weinstein appropriately treated the application as a petition for habeas corpus, 28 U.S.C. § 2241. See Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (U.S.1973).

1. On April 25, 1972 bail in the sum of $5,000 was set on each of the first two indictments (Nos. 937 and 2865). On June 7, 1972, a motion to reduce bail was denied. On October 13, 1972, additional bail in the sum of $5,000 was fixed on the third indictment (No. 2090).

On January 9, 1973, bail was reduced to $3,500 on indictments Nos. 937 and 2865, and to a $3,500 bond or $2,000 cash on indictment No. 2090.

On January 19, 1973, after two hearings, the district court found that further imprisonment of Thorne in default of bail without trial would violate his constitutional right to a prompt trial. He ordered that Thorne be released on his personal bond of $4,000 secured by $400 cash to cover all three indictments unless trial should be commenced within 40 days or unless, within 60 days, there had not been a conviction on one of the charges or a disposition of all three of them. The Warden of the Brooklyn House of Detention for Men, represented by the District Attorney for Kings County, appealed pursuant to 28 U.S.C. § 2253. We stayed the district court's order pending disposition of the appeal.

On argument of the appeal on March 22, 1973, the Assistant District Attorney advised us that the State would be ready on March 26 to proceed with trial of one of the three indictments against Thorne in the Kings County Supreme Court. Because Thorne's counsel was actively engaged on trial elsewhere on the latter date, trial was not commenced until April 2, 1973, more than 14 months after Thorne had been arrested. On April 5, 1973, the trial terminated, with Thorne's conviction of 2nd Degree Robbery and two counts of Petty Larceny.

Since Thorne is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued *pretrial* detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented. See United States v. Baca, 444 F.2d 1292, 1296 (10th Cir. 1971). Cf. Clayton v. Stone, 123 U.S.App.D.C. 181, 358 F.2d 548 (D.C.Cir.1966). However, since the records of the Kings County Supreme Court indicate that Thorne's incarceration is not atypical,[2] we cannot

2. As of December 1, 1972, there were 2,696 defendants jailed in Kings County awaiting trial on felony charges, of whom 935 had been held more than 90 days and 644 for more than six months. Monthly Reports of Special Committee for The Purpose of Alleviating Overcrowded Conditions Prevailing in Local Houses of Detention and To Expedite Disposition of Criminal Cases, pursuant to Order of Hon. Samuel Rabin, Presiding Justice of the Appellate Division, Second Department, Kings County, New York. These figures represent a substantial increase over the number of persons jailed and awaiting trial in 1970 and 1971, when we expressed our concern in United States ex rel. Frizer v. McMann, 437 F.2d 1312 (2d Cir.) (en banc), cert. denied, 402 U.S. 1010, 91 S.Ct. 2196, 29 L.Ed.2d 433 (1971). The backlog of such cases in Kings County increased 60% during the year 1972 alone. People ex rel. Franklin v. Warden, Brooklyn House of Detention for Men, 31 N.Y.2d 491, 341 N.Y.S.2d 604, 294 N.E.2d 199 (N.Y.Ct. of Appeals, Feb. 16, 1973). Report to the New York State Bar Association by its Special Committee on the Administration of Criminal Justice, Jan. 23, 1973, at 6.

The increase in the backlog of cases involving jailed detainees awaiting trial in Kings County is attributed to the increase in the number of arrests and the limited number of cases that can be disposed of by the existing 21 Trial Parts and supporting facilities. During the period from November 1, 1971, to December 1, 1972, for instance, the already overburdened Kings County Supreme Court, using its facilities to the maximum, was able to dispose of only 575 cases by trial. Report of the Management Planning Unit of the Judicial Conference of the State of New York, Statistical Summaries and Comparisons for New York, Bronx, Kings and Queens Counties, Table II and Appendix 1C (Jan. 2, 1973). Since the State's practice is to bring defendants to trial according to the sequence of presentment of their cases to the grand jury as reflected by the index numbers on their respective indictments, a defendant in Thorne's position must wait for his trial until those detainees indicted before him are tried. The delay may be as long as 16 months. Although preferences have been granted to a few, see, e. g., People ex rel. Franklin v. Warden, *supra*, preferences are not assured as a matter of right, constitutional or otherwise. Indeed, with a limited number of Trial Parts available in Kings County, a preference granted to one defendant prejudices the rights of those scheduled to be tried ahead of him under the foregoing system, since they must wait that much longer until the "preferred" case is tried. It is also apparent that if more preferences were granted they would become less effectual in assuring early trials to those receiving them.

**300**

let this occasion pass without expressing the hope that the serious conditions disclosed by the record in this case will be eliminated by the State's provision of additional judges, facilities and personnel needed to enable the State judiciary to afford a speedy trial to each accused person who is incarcerated pending trial.

The appeal is dismissed as moot.