**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CURTIS SCOTT WILLIAMS,

        Petitioner-Appellant,

        v.

BRAD W. SLATER, Weber County
Sheriff,

        Respondent-Appellee.

No. 08-4047

(D.C. No. 1:06–CV–00095–TS)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Petitioner appeals the district court's dismissal of his 28 U.S.C. § 2241

habeas petition. At the time he filed his habeas petition, Petitioner was a pretrial

detainee, and the claims he raised in his petition were all related to his pending

federal criminal case, *United States v. Williams*, No. 06-CR-11-DB-1.[1] For relief,

Petitioner requested that the court "order the Respondents to show cause and

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[1] For instance, Petitioner alleged that he was arrested without a warrant or
probable cause, that his apartment was illegally searched without a valid warrant,
that the government violated his right to inspect the evidence against him when
they destroyed important physical evidence, and that the government's informants
provided false information against him.

certify in writing the true cause of Petitioner[']s confinement." (R. Doc. 3 at 15.)

The district court denied the petition in January 2008, explaining that any

challenges to the criminal proceedings should be made within the context of

Petitioner's criminal case.

We conclude that this case has become moot, and we therefore dismiss for

lack of jurisdiction. *See McClendon v. City of Albuquerque*, 100 F.3d 863, 867

(10th Cir. 1996) ("Because mootness is a matter of jurisdiction, a court may raise

the issue sua sponte."). "A case is moot when it is impossible for the court to

grant any effectual relief whatever to a prevailing party." *In re Overland Park*

*Fin. Corp.*, 236 F.3d 1246, 1254 (10th Cir. 2001) (internal quotation marks

omitted).

Petitioner entered a plea of guilty to the felony information in his criminal

case on May 22, 2008.[2] On May 27, 2008, he was sentenced to time served. We

conclude that his conviction and sentence have mooted his request for an order to

show cause for his pretrial confinement. *See Thorne v. Warden, Brooklyn House*

*of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is

now held as a convicted defendant rather than merely on a criminal charge not yet

---

[2] We take judicial notice of the record in Petitioner's criminal case. *See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

brought to trial, the issue as to the legality of his continued *pretrial* detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."); *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) ("Because [petitioner] is now legally in federal custody, we must hold that his request for release from pretrial confinement is moot.").

This appeal is **DISMISSED AS MOOT**.

Entered for the Court


Monroe G. McKay
Circuit Judge