FILED
United States Court of Appeals
Tenth Circuit

April 19, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DARREN MICHAEL GONZALES,

    Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent - Appellee.

No. 18-8064
(D.C. No. 2:17-CV-00158-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Darren Gonzales appeals the district court's dismissal of his 28 U.S.C. § 2241

petition seeking release from pretrial detention. Exercising jurisdiction under 28

U.S.C. § 1291, we affirm.

**I**

Gonzales was indicted on a variety of counts related to tax fraud and drug

distribution. While in pretrial detention, he filed an ultimately unsuccessful petition

under § 2241 seeking release from custody. Gonzales pled guilty to the charged

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

crimes and was sentenced to 72-months' imprisonment. The district court subsequently dismissed his § 2241 petition as moot, entering an order on March 7, 2018. Gonzales filed a notice of appeal on September 7, 2018.

## II

The government argues that Gonzales' appeal was untimely under Fed. R. App. P. 4(a)(1)(B). However, the district court did not enter a judgment following its March 7 order. Under Rule 4(a)(7), if a judgment is not entered then the 60-day time limit set forth in Rule 4(a)(1) begins after "150 days have run from entry of the . . . order." Fed. R. App. P. 4(a)(7)(A)(ii); see also Constien v. United States, 628 F.3d 1207, 1211 (10th Cir. 2010). Because Gonzales filed his appeal within 210 days, his appeal was timely filed.

## III

"When reviewing the denial of a habeas petition under § 2241, we review the district court's legal conclusions de novo and accept its factual findings unless clearly erroneous." al-Marri v. Davis, 714 F.3d 1183, 1186 (10th Cir. 2013). Because Gonzales is pro se, we construe his filings liberally but stop short of acting as his advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Gonzales does not dispute he entered a guilty plea in conjunction with his criminal case. If a petitioner "is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted." Williams v. Slater, 317 F. App'x 723, 725 (10th Cir. 2008) (unpublished) (emphasis in original). "Failure to satisfy the

2

requirements of [the mootness] doctrine places a dispute outside the reach of the federal courts." <u>Brown v. Buhman</u>, 822 F.3d 1151, 1164 (10th Cir. 2016). The district court correctly dismissed Gonzales' § 2241 petition.

**IV**

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge