**ALD-166**                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3586
_____

FREDERICK H. BANKS,
Appellant

v.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT;
NIKOLAS VASELOPULOS; LAURA SCHLEICH IRWIN;
UNITED STATES MARSHAL; ORLANDO L. HARPER;
UNITED STATES OF AMERICA; CENTRAL INTELLIGENCE AGENCY;
THIRD CIRCUIT PANEL ATTORNEY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2-19-cv-01354)
District Judge: Cathy Bissoon
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 or
Issuance of a Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)
April 16, 2020

Before: MCKEE, SHWARTZ and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 8, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

On November 7, 2019, a federal jury found Frederick Banks guilty of wire fraud and aggravated identity theft. Prior to his trial, Banks filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the District Court. He claimed that this Court's delay in ruling on two of his appeals extended his time in pre-trial detention by "unlawfully stop[ing] the Speedy Trial Act clock" with a "de facto detainer." Pet. 7, ECF No. 2. He also claimed that the United States Attorney's Office conspired to keep him detained and harassed him, because he had refused to accept their plea offers.

The District Court dismissed the case under vexatious-litigant orders entered in two civil actions filed by Banks, W.D. Civ. Nos. 15-cv-01400 and 15-cv-01385, as expanded by an order in a criminal case, United States v. Miller, W.D. Crim. No. 15-cr-00174. In the civil actions, the District Court found that Banks had abused the judicial process by filing frivolous and duplicative lawsuits. The Court designated Banks a vexatious litigant and enjoined him from filing any complaint, lawsuit, or mandamus petition without authorization from the District Court. See, e.g. Frederick Banks v. Pope Francis, No. CV 15-1385, 2015 WL 8207532, at *4-*5 (W.D. Pa. Dec. 8, 2015). In the criminal action, the District Court extended its vexatious-litigant order "to all filings made by Mr. Banks, in his name or under his known alias(es), whether on his behalf or on behalf of anyone else." Miller, W.D. Crim. No. 15-cr-00174 (order entered on October 3, 2017). The District Court noted that the order did not apply to filings in Banks' active criminal case. Banks appealed, and this Court affirmed. United States v. Miller, 726 F. App'x 107, 108 (3d Cir. 2018) (per curiam) (non-precedential). Banks

2

now appeals the District Court's order dismissing his habeas petition pursuant to its vexatious-litigant orders.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

Banks asserts in his notice of appeal that the District Court erred because its vexatious-litigant orders do not apply to habeas corpus actions. As discussed above, however, the District Court extended its vexatious-litigant order to all filings by Banks other than those in his active criminal case. However, even if the vexatious-litigant orders did not apply to habeas petitions, we find no error in the District Court's application of the orders here as Banks' claims are not cognizable under § 2241. See Reese v. Warden Phila. FDC, 904 F.3d 244, 247 (3d Cir. 2018) (stating that § 2241 is not the proper vehicle for a federal prisoner to challenge detention pending trial).[2]

Because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4.

---

[1] Because Banks is a federal prisoner appealing the dismissal of a § 2241 petition, he need not obtain a certificate of appealability to proceed on appeal. See United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).

[2] To the extent that Banks could have challenged his detention in pretrial motions in his active criminal case, such challenges would now be moot in light of his convictions. See Thorne v. Warden, Brooklyn House of Det. for Men, 479 F.2d 297, 299 (2d Cir. 1973).