**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 5, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICHARD A. NICHOLS,

Petitioner-Appellant,

v.

STATE OF UTAH,

Respondent-Appellee.

Nos. 08-4159 and 08-4160

(D. of Utah)

(D.C. Nos. 2:08-CV-123-DAK
and 2:07-CV-00940-DAK)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **ANDERSON,** and **TYMKOVICH**, Circuit Judges.[**]

---

Richard A. Nichols, appearing pro se, seeks separate certificates of appealablility (COA) to appeal the district court's denials of two petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254. We decline to grant a COA on either petition.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

**Background**

The parties are familiar with the facts so we need not repeat them here. In Nichols's petitions for writ of habeas corpus, he challenges his 2002 Utah criminal convictions stemming from his conduct during his employment as a sales manager at Remember When, a car dealership selling classic cars on consignment. His conviction was affirmed on direct appeal in 2003. *See State v. Nichols*, 76 P.3d 1173, 1175 (Utah App. 2003). Nichols has brought numerous actions in federal court relating to his employment at Remember When and his subsequent fraud and racketeering convictions. All of these cases have been dismissed.[1]

Before us now is Nichols's appeal of the district court's dismissal of two petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court dismissed both of these petitions for lack of jurisdiction.

Specifically, the district court dismissed Nichols's first habeas petition (at issue in case number 08-4160 here) concluding that because Nichols was not "in custody," the court lacked jurisdiction over Nichols's habeas petition. The court also explained that even if it had jurisdiction, Nichols's petition was not timely under § 2244(d)(1)(A).

---

[1] *See State v. Nichols*, 76 P.3d 1173, 1175 (Utah App. 2003). *See, e.g., Nichols v. Baer*, No. 08-CV-89 (D. Utah July 30, 2008); *Utah v. Nichols*, No. 07-CV-419 (D. Utah July 9, 2007); *Nichols v. Fletcher,* No. 03-CV-868, 2007 WL 1795765 (D. Utah, June 20, 2007); *Nichols v. Utah*, No. 03-CV-1132 (D. Utah June 15, 2006); *Nichols v. Utah*, No. 03-CV-1095 (D. Utah June 24, 2004).

As to Nichols's second petition (at issue in case number 08-4159 here), the district court determined that Nichols had not first obtained an order from the appropriate court of appeals authorizing the district court to consider the petition, as required for a second or successive habeas petition. *See* §§ 2244(b)(3)(A) and 2255(h). The court explained that when a second or successive habeas claim is filed in district court without the required authorization from the circuit court, the district court may transfer the matter to the circuit court if it determines it is in the interest of justice to do so, or it may dismiss the petition for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251–53 (10th Cir. 2008). The district court concluded it was not in the interest of justice to transfer the petition, given that it failed because Nichols was not "in custody" and because it was time-barred.

The district court declined to grant a COA on either petition and Nichols now seeks COAs from us.

### Analysis

Although we view Nichols's pro se filings liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991), we decline to grant a COA on either of his petitions and dismiss the appeals.

As a preliminary matter, we note that federal courts have jurisdiction to review habeas petitions from state court prisoners only when the petitioner is "in custody." § 2254(a) ("The Supreme Court, . . . a circuit judge, or a district court

-3-

shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.") (emphasis added).  Moreover, a one-year limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  § 2244(d).  Finally, when a petitioner seeks to file a successive or second motion for habeas relief in district court, the petitioner is required to first obtain authorization from the applicable appellate court.  *See* §§ 2255(h) and 2244(b)(3).

For an appeal of a district court's order disposing of a habeas petition to move forward, this court must grant the petitioner a COA.  *See* § 2253(c)(1)(A).  This court may issue a COA only if the petitioner "has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[2]  Where, as here, though, the district court denies a habeas petition on

---

[2]  In the § 2254 context, where a state court has considered a claim on the merits, the federal court must affirm unless the state court's decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  § 2254(d)(1) & (2).

procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Thus, where the district court denies a habeas petition on procedural grounds, a petitioner must show that reasonable jurists would find debatable both (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Id.*

Having reviewed these standards and the district court's orders, along with the entire record, we deny Nichols's requests for a COA on either petition and dismiss the appeals.

A. The First Petition, 08–4160

Because the record does not demonstrate that Nichols was "in custody" at the time he filed his petition, there is no federal jurisdiction over his claims. As explained above, the writ of habeas corpus is limited to persons "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). This requirement is jurisdictional. *See Foster v. Booher*, 296 F.3d 947, 949 (10th Cir. 2002). It "is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Ct.*, 411 U.S. 345, 351 (1973).

To meet § 2254's requirements, Nichols must have been "'in custody' under the conviction or sentence under attack at the time his petition [wa]s filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). The custody requirement has been construed liberally. *See id.* at 492. Indeed, the Supreme Court's interpretation of the "in custody" language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus. *Id.* at 491. In *Jones v. Cunningham*, for example, the Court held that a petitioner who had been placed on parole was still "in custody" under his unexpired sentence, in light of the restraints and conditions of the parole order. 371 U.S. 236, 241–43 (1963). The Court reasoned that the petitioner's release from physical confinement was not unconditional; instead, it was conditioned on his reporting regularly to his parole officer, remaining in a particular community, residence, and job, and refraining from certain activities. *Id.* at 242.

In this case, the district court found that "Nichols is not in custody" and that Nichols's current address demonstrated that he was not in custody. R. Vol. 1, Doc. 3, at 2. The judge explained that "there is no indication whatsoever that Mr. Nichols has been in custody other than for five days in 2002." *Id.* To the extent the judge's determination that Nichols was not "in custody" constituted a finding of fact, we review it for clear error, *see Clark v. Oklahoma*, 468 F.3d 711, 714

(10th Cir. 2006), and we see no clear error in the judge's finding. We also see no legal error in the determination.[3]

We need not reach the issue of whether the petition alleges a debatable constitutional question because the district court was correct in its procedural ruling, and reasonable jurists would not find debatable whether the procedural ruling was correct. *Slack*, 529 U.S. at 484.

In any event, the petition would be barred as untimely. The Utah Supreme Court denied certiorari on Nichols's case in December 2003. *See Utah v. Nichols*, 84 P.3d 239 (Utah 2003). It does not appear from the record that Nichols sought certiorari in the United States Supreme Court. Assuming he did not, his

---

[3] Nichols contends that warrants for his arrest were issued in 2003, 2007 and 2008 for failure to appear at review hearings regarding his progress towards making restitution. These arrests do not establish that Nichols was "in custody," however, and Nichols does not provide evidence in this record—concerning these arrests or otherwise—to demonstrate the district court erred in finding that he was not "in custody" for habeas purposes when he filed his habeas petitions.

Indeed, Nichols argues that he was not on probation in 2007 and 2008: for example, he asserts that in June 2007 he was sent a notice by the Third District Court of Utah instructing him to answer to charges of failure to pay restitution in violation of probation, and, he argues, he did not do so "because [he] was not on probation." Aplt. Br. at 7 (No. 08-4160). The arrests could demonstrate that Nichols still had an outstanding monetary obligation. However, "the payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement." *Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 788 (10th Cir. 2008) (citing *Obado v. New Jersey*, 328 F.3d 716, 717–18 (3d Cir. 2003) (holding that restitutionary payments being made by a petitioner after he completed his state prison sentence did not satisfy the custody requirement of the federal habeas corpus statute when he was no longer subject to the terms of his probation)).

conviction became final when the time to seek certiorari expired, 90 days after the entry of judgment in Utah in December 2003. *See* Rule 13.1, Rules of the Supreme Court. Nichols filed his habeas petitions, however, in December 2007 and February 2008. Nichols thus filed his habeas petitions long after a year from the date his conviction became final. *See* § 2244(d)(1).

Nichols argues that the judgment in his case was not final: he contends the case is still ongoing. However, a conviction becomes final for these purposes upon the completion of "direct review." *Cf. United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) ("[I]n the context of the AEDPA, § 2255's use of 'final' plainly means 'a decision from which no appeal or writ of error can be taken.'") (citation omitted). Here, a year from the date direct review was completed had expired by December 2007.

Finally, Nichols argues that the statute of limitations should have been tolled under the "Doctrine of Fraudulent Concealment." R. Vol. 1, Doc. 5. But he does not support his argument, and there is no evidence in the record to support an argument that he is raising a claim concerning which "the factual predicate" could not have been discovered "through the exercise of due diligence" within the time limitation, *see* § 2244(d)(1)(D), or that the government impeded him from filing an application. *See* § 2244(d)(1)(B).

We thus deny the request for a COA.

B.  The Second Petition, 08-4159

Where a petitioner files a successive habeas petition in district court without first seeking authorization in the appellate court, the petition filed in district court is unauthorized.  *See, e.g, In re Cline*, 531 F.3d at 1251–52.  Once a district court determines that a petition is unauthorized, the court is faced with two options.  First, if the court determines it is in the interest of justice to do so, it is entitled to transfer the matter to us for a determination of whether to permit successive habeas proceedings.  *See id.* at 1252.  Otherwise, the district court must dismiss the petition for lack of jurisdiction because the court has no authority to entertain an unauthorized second or successive habeas motion.  *See id.*

We find that reasonable jurists would not debate whether the district court's dismissal of Nichols's second petition was a correct procedural ruling.  It is clear that Nichols's filing was a habeas petition: it is styled as such, and in it Nichols urges the court to vacate convictions that, according to him, were illegally obtained.  Additionally, it is clear that this filing constituted Nichols's second or successive habeas petition.  Nichols argues that he "did not file a successive writ in Feb[ruary] on these issues presented to the district court for review.  Petitioner filed one writ and that was in Feb[ruary] 2008 not in 2007."  Aplt. Br. at 10.  However, we have before us two habeas filings by Nichols: he filed the first in December of 2007 and the second in February of 2008.  Thus, it is clear that

Nichols's 2008 petition, at issue in case No. 08-1459, was a second or successive habeas petition.[4]

Accordingly, we DENY Nichols's application for a COA.

## **Conclusion**

For the foregoing reasons, we DENY Nichols's applications for COAs and dismiss the appeals. We also DENY his requests to proceed in forma pauperis.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[4] If Nichols had actually filed only one writ, and it was not a second or successive habeas petition, then it was still properly dismissed for the reasons discussed above concerning the earlier 2007 petition.