**Walter KNAPP, Petitioner-Appellee,**

v.

**T. L. BAKER, Sheriff of Potter County, Texas and W. J. Estelle, Jr., etc., Respondents-Appellants.**

No. 74–2614.

United States Court of Appeals, Fifth Circuit.

March 14, 1975.

John L. Hill, Atty. Gen., Larry F. York, Joe B. Dibrell, Jack Boone, Asst. Attys. Gen., Austin, Tex., for respondents-appellants.

Robin M. Green, Wayne Bagley, Frank J. Baughman, Amarillo, Tex., for petitioner-appellee.

Before BELL, AINSWORTH and RONEY, Circuit Judges.

PER CURIAM:

This case involves an appeal from the federal district court's order granting a writ of habeas corpus from a Texas state conviction. We heard oral argument on the appeal and the matter was submitted for our decision. However, petitioner Walter Knapp died on December 20, 1974. This case is therefore moot. Accordingly, we vacate the judgment and remand to the district court with direction to dismiss the case as moot so that it will spawn no legal consequences. Gornto v. MacDougall, 5 Cir., 1973, 482 F.2d 361 (appeal from judgment denying habeas corpus relief from a state court sentence); Hann v. Hawk, 8 Cir., 1953, 205 F.2d 839 (appeal from judgment granting the writ of habeas corpus in a matter involving a Nebraska state court conviction). See also Duke Power Co. v. Greenwood County, S.C., 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81

L.Ed. 178 (1936) and authorities cited therein; United States v. Munsingwear, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950); Lebus v. Seafarers' International Union, 5 Cir., 1968, 398 F.2d 281, 283.

Counsel for petitioner urges that we also order dismissal of the judgment of conviction by the Texas state court which was affirmed by the Texas Court of Criminal Appeals, 504 S.W.2d 421 (1974). Dismissal of a conviction is proper in a direct appeal in a federal criminal case, Durham v. United States, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971). However, appellate courts in habeas corpus actions pertaining to state court convictions have issued their directives only to the lower federal courts. Gornto v. MacDougall, supra; Hann v. Hawk, supra. Further action is not warranted under the circumstances.

Vacated and remanded with direction to dismiss.