Howard **KRANTZ**, Petitioner–Appellant,

v.

**UNITED STATES of America,** Respondent–Appellee.

No. 99–2539.

United States Court of Appeals, Second Circuit.

Filed: Sept. 23, 1999

Decided: Aug. 25, 2000

Howard Krantz, pro se, Springfield, MO, for petitioner-appellant.

Before: WALKER, POOLER, and SOTOMAYOR, Circuit Judges.

PER CURIAM.

On September 13, 1999, petitioner-appellant Howard Krantz, *pro se* and *in forma*

*pauperis,* filed a timely notice of appeal from a July 30, 1999 order of the United States District Court for the Eastern District of New York (Gleeson, J.) denying his habeas corpus petition under 28 U.S.C. § 2255. While petitioner's motion for a certificate of appealability was pending before this Court, we received notice of petitioner's death. This circumstance presents the question of how we should dispose of a pending motion for a certificate of appealability when the petitioner has died. For the reasons that follow, we find it appropriate to deny petitioner's motion as moot and dismiss the appeal.

## BACKGROUND

On June 21, 1996, following a five-week jury trial, petitioner was convicted of murder-for-hire, conspiracy to commit murder-for-hire, and aiding and abetting the use of a firearm in connection with a crime of violence, in violation of 18 U.S.C. §§ 1958, 371, 924(c), and 2, respectively. The district court sentenced petitioner to life imprisonment without parole. On November 19, 1997, this Court affirmed the judgment of the district court in all respects. *See United States v. Jones,* 129 F.3d 114 (2d Cir.1997).

One year later, on November 19, 1998, petitioner filed a § 2255 motion to vacate his convictions, claiming that: (1) the government failed to allege or prove the jurisdictional element of the murder-for-hire statute, 18 U.S.C. § 1958; and (2) the government violated the anti-bribery statute, 18 U.S.C. § 201(c)(2), and the New York Code of Professional Responsibility when it promised two co-conspirators that it would make a motion under Section 5K1.1 of the United States Sentencing Guidelines in exchange for their testimony against petitioner. In a Memorandum and Order entered on July 30, 1999, the district court denied petitioner's § 2255 motion on the merits. Finally, after petitioner filed a timely notice of appeal on September 13, 1999, the district court denied petitioner's request for a certificate of appealability on September 24, 1999.

## DISCUSSION

When a district court issues a final order in a § 2255 proceeding, an appeal may not be taken to this Court unless either the district judge or a judge of this Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); *Soto v. United States,* 185 F.3d 48, 51 n. 3 (2d Cir.1999). We treat petitioner's notice of appeal as a motion for a certificate of appealability from this Court. *See* Fed. R.App. P. 22(b)(2). While petitioner's motion was pending, he died on May 11, 2000.[1]

This Court has stated that, "upon receiving notice of a defendant-appellant's death during the pendency of his direct appeal as of right, we normally vacate the judgment and remand to the district court with instructions to dismiss the indictment." *United States v. Wright,* 160 F.3d 905, 908 (2d Cir.1998); *accord United States v. Mollica,* 849 F.2d 723, 726 (2d Cir.1988) ("[W]hen an appellant dies while his or her criminal appeal is pending, the appellant's conviction should be vacated and the indictment dismissed."). Two considerations justify the abatement of a criminal indictment when a direct appeal is pending before this Court:

First, the interests of justice ordinarily require that [a defendant] not stand convicted without resolution of the merits of an appeal. Second, to the extent that the judgment of conviction orders incarceration or other sanctions that are designed to punish the defendant, that purpose can no longer be served.

---

1. The Government has furnished this Court with a certificate of death from the U.S. Medical Center for Federal Prisons in Springfield, Missouri. *See* Fed. R.App. P. 43(a)(1) ("If a party dies after a notice of appeal has been filed[,] ... [and if] the decedent has no representative, any party may suggest the death on the record, and the court of appeals may then direct appropriate proceedings.").

*Wright,* 160 F.3d at 908 (citations and internal quotation marks omitted).

In the instant case, however, the petitioner does not directly appeal his convictions but instead appeals from the district court's order declining to vacate his convictions under 28 U.S.C. § 2255. This Court has not yet addressed the question of how to dispose of a pending motion for a certificate of appealability when the § 2255 petitioner has died. However, because petitioner has exhausted his direct appeal and his convictions are final, *see Jones,* 129 F.3d at 114, *Wright* does not require that we abate the underlying criminal indictments.

We note that, in other circuits, when an appeal from a district court's ruling on a habeas petition is pending at the time of petitioner's death, the general practice is to vacate the district court's habeas ruling and remand with instructions to dismiss the case. *See, e.g., Knapp v. Baker,* 509 F.2d 922, 922–23 (5th Cir.1975) (per curiam); *Gornto v. MacDougall,* 482 F.2d 361, 361 (5th Cir.1973) (per curiam); *Hann v. Hawk,* 205 F.2d 839, 839–40 (8th Cir.) (per curiam), *reh'g denied,* 207 F.2d 82 (8th Cir.1953). This practice is premised on the fact that the § 2255 motion is, by virtue of petitioner's death, rendered moot.

While we do not disagree with the approach adopted by our sister circuits, we note that the procedural posture of the instant case is materially distinguishable from the cases cited above. In each of those cases, the court of appeals already had jurisdiction over the appeal at the time of petitioner's death. *See Knapp,* 509 F.2d at 922 (oral argument already held at time of petitioner's death); *Gornto,* 482 F.2d at 361 (opinion already issued at time of petitioner's death); *Hawk,* 205 F.2d at 839–40 (oral argument already held at time of petitioner's death). Consequently, those courts were empowered to vacate the proceedings below. Here, by contrast, this Court did not have appellate jurisdiction at the time of petitioner's death because a certificate of appealability had not yet is-

sued. *See Soto,* 185 F.3d at 51 (stating that the issuance of a certificate of appealability is a jurisdictional prerequisite for appeals from § 2255 proceedings). Therefore, unless we grant petitioner's motion for a certificate of appealability, this Court cannot vacate the district court's order and remand with instructions to dismiss the case.

This Court may only issue a certificate of appealability where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Soto,* 185 F.3d at 51 (same). In the instant case, we find that petitioner's motion for a certificate of appealability is moot because, regardless of the § 2255 petition's merit, it is no longer feasible to release petitioner from prison or to order a new trial. We therefore deny petitioner's motion for a certificate of appealability on mootness grounds. *Cf. United States v. Mollica,* 849 F.2d 723, 725–26 (2d Cir.1988) (noting that, where a petitioner for certiorari dies, the Supreme Court's practice is to dismiss the petition) (citing *Dove v. United States,* 423 U.S. 325, 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976) (per curiam)).

Finally, because we deny petitioner's motion for a certificate of appealability in this case, this Court is without jurisdiction to consider the merits of his appeal. *See Soto,* 185 F.3d at 51. Accordingly, the appeal is dismissed.

## CONCLUSION

For the foregoing reasons, petitioner's motion for a certificate of appealability is denied as moot and the appeal is dismissed.