FILED
United States Court of Appeals
Tenth Circuit

June 22, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

VICTOR CORNELL MILLER,

        Petitioner‑Appellant,

v.

STANLEY GLANZ,

        Respondent‑Appellee.

No. 09-5005
(D.C. No. 4:08-CV-00231-TCK-PJC)
(N. D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

This matter is before the court on petitioner-appellant Victor Miller's motion for a certificate of appealability (COA). He seeks review of an order denying a habeas petition, brought under 28 U.S.C. § 2241, relating to his pretrial custody in Oklahoma. We conclude a COA cannot issue because the proceeding has become moot.

Miller filed his petition when he was awaiting trial on state murder charges, alleging that his state custody and attendant prosecution violated the Interstate Agreement on Detainers Act (IADA). Given that he was being held for purposes of prosecution and not pursuant to a judgment of conviction, the petition was appropriately brought under § 2241 rather than § 2254, and sought relief tailored

to the pretrial context: forestalling his imminent prosecution through a release from state custody (back to federal custody, where he was serving a life sentence) and dismissal of the state charges. The district court denied relief on the merits,[1] holding that the challenged transfers of custody between federal and state authorities did not violate the IADA. That decision is the focus of Miller's application for COA.

Shortly after the district court ruled, however, Miller was convicted on the murder charges and sentenced to death. His direct appeal is now pending before the Oklahoma Court of Criminal Appeals.

Given the limited focus of typical pretrial-custody petitions under § 2241 (which Miller's petition aptly illustrates), such petitions become moot upon the conviction of the petitioner. *Williams v. Slater*, No. 08-4047, 2008 WL 2470914 (10th Cir. June 20, 2008) (unpub.) (following *Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973), and *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988)); *see also Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993). While this proceeding is currently before us on an application for COA to review the district court's disposition of the IADA claim on the merits, that does not impede our ability to recognize other impediments to habeas relief in the case. *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005)

---

[1] The district court held that the IADA claim had been exhausted through a pretrial motion to dismiss, denied by the state trial court, and a petition for writ of prohibition, denied by the Oklahoma Court of Criminal Appeals.

(denying COA on basis of petitioner's failure to meet "in custody" requirement, instead of on basis of merits ruling by district court); *Krantz v. United States*, 224 F.3d 125, 126-27 (2d Cir. 2000) (denying COA from merits ruling after § 2255 motion became moot on appeal).  Mootness, of course, is a fundamental bar to judicial review that must be accounted for at all stages of a proceeding, and applies in habeas as in any other type of litigation.  *See, e.g.*, *Hain v. Mullin*, 327 F.3d 1177, 1180 (10th Cir. 2003); *Johnson v. Riveland*, 855 F.2d 1477, 1480 (10th Cir. 1988).  In short, the underlying petition having become moot, relief on appeal is now precluded and denial of COA on this basis is clearly appropriate if not mandatory.

The mootness problem might be avoided by recasting Miller's pro se pleading as a traditional § 2254 petition challenging his conviction on the ground that it was obtained through violation of the IADA.  But there are two compelling reasons not to do this.  First, even if the IADA claim has been exhausted in preliminary pretrial proceedings (see supra note 1), a collateral federal attack on the conviction via habeas would still appear to be premature while direct appeal is pending in state court.  *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Williams v. Bailey*, 463 F.2d 247, 248 (5th Cir. 1972).  Second, recasting Miller's current pleading as a § 2254 petition would have potentially prejudicial consequences for any later habeas petition he may wish to pursue in the event his conviction is affirmed on appeal—which would then be his second petition

-3-

directed to the same conviction and, as such, subject to the constraints on second or successive petitions in 28 U.S.C. § 2244(b).[2] We will therefore not endeavor to recast Miller's moot § 2241 petition to fall within § 2254, where the result would be procedurally problematic and practically prejudicial.

Finally, there is the question of what to do about the district court's order on the merits. Ordinarily, when a matter becomes moot, pursuant to *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-40 (1950), and its progeny we dismiss the appeal, vacate the district court's order, and remand with directions to dismiss—and this procedure applies in a habeas case as in any other. *See Boyce v. Ashcroft*, 268 F.3d 953, 955 (10th Cir. 2001) (noting procedure is *duty* of appellate court); *see, e.g.*, *Warnick v. Booher*, 425 F.3d 842, 849 (10th Cir. 2005); *Floyd v. Gallegos*, 42 F. App'x 92, 94 (10th Cir. 2002). And that is entirely appropriate; when appellate review becomes unavailable due to mootness, there is no reason the habeas petitioner, unique among litigants, should bear the repercussions of an unreviewed adverse merits disposition potentially preclusive in a later habeas proceeding raising the same claim.

---

[2]     For just this reason, we have held that a district court should not sua sponte recharacterize a pro se filing as a § 2254 or § 2255 petition without at least warning the petitioner of the consequences and giving him the chance to withdraw the filing should he wish to preserve his ability to seek habeas relief unimpeded by § 2244(b) at a more opportune time in the future. *See Davis*, 425 F.3d at 835 (following *Castro v. United States*, 540 U.S. 375, 383 (2003)); *United States v. Kelly*, 235 F.3d 1238, 1241-42 (10th Cir. 2000).

But there is a wrinkle here that at least one court has held deprives us of the power to implement the *Munsingwear* procedure: we have the case on COA, and we inherently disavow appellate jurisdiction—and, the argument goes, the power to implement *Munsingwear*—when we deny COA. *Krantz*, 224 F.3d at 127. This distinction between cases mooted when appeal is pending and cases mooted when COA is pending seems a distinction without a difference: in *both* cases the *court lacks appellate jurisdiction when it dismisses the appeal* (and, under the usual procedure, vacates the district court's judgment and remands with directions to dismiss the case). If the absence of jurisdiction does not deprive the appellate court of the power to vacate the district court's judgment and direct dismissal in the former, it should not in the latter. It is true that in the COA case, the appellate court has never exercised jurisdiction over the merits of the appeal itself, but we see no reason why the court's undeniable jurisdiction over the COA application is not sufficient to enable it to effect the *Munsingwear* procedure[3] (which, again, even in the ordinary case is only done after the court acknowledges

---

[3]     The reach of the *Munsingwear* procedure is commonly understood to extend beyond the strict jurisdictional scope of the matters before the appellate court. For example, when only part of a case is on appeal, it is still appropriate for the court to direct the dismissal of the entire case upon discovering a circumstance that moots all matters pending in district court. *See Crowell v. Mader*, 444 U.S. 505, 506 (1980); *compare Longley v. Holahan*, 34 F.3d 1366, 1367 (8th Cir. 1994) (following *Munsingwear* procedure when entire case was mooted during appeal of preliminary injunction) *with Animal Legal Defense Fund v. Shalala*, 53 F.3d 363, 366 (D.C. Cir. 1995) (ordering only vacatur of appealed preliminary injunction where mooting event did not affect rest of case).

its lack of jurisdiction to reach the merits of the appeal). And certainly the rationale for the procedure—to preserve the litigant's opportunity to fully litigate issues for which appellate review was lost through happenstance, *U.S. Bancorp Mortgage Co. v. Bonner Mall P'Ship*, 513 U.S. 18, 22-23 (1994) (explaining rationale for *Munsingwear* procedure)—is fully operative in this context.

    Accordingly, we deny the motion for COA as moot, dismiss the appeal, vacate the district court's judgment, and remand with directions to dismiss the underlying proceeding without prejudice.

Entered for the Court,


Timothy M. Tymkovich
Circuit Judge