FILED
United States Court of Appeals
Tenth Circuit

**July 9, 2009**

Elisabeth A. Shumaker
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JESSE DOYLE (J.D.) CLARK,

      Petitioner - Appellant,

v.

A. LYNN PAYNE,

      Respondent - Appellee.

No. 09-4004
(D.C. No. 08-CV-00377-TC)
(D. Utah)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

Petitioner-Appellant, Jesse Doyle Clark, seeks a certificate of appealability

("COA") so that he may appeal the district court's denial of his petition for

habeas corpus brought under 28 U.S.C. § 2241. See Clark v. Payne, No. 2:08-

CV-377 TC, 2008 WL 4935443, at *1 (D. Utah Nov. 18, 2008). Mr. Clark filed

his 28 U.S.C. § 2241 petition for habeas relief on May 12, 2008, while criminal

charges were pending against him in Utah state court. Doc. 1. Reaching the

substantive grounds of Mr. Clark's petition, the district court denied relief on

November 18, 2008. Clark, 2008 WL 4935443, at *1. Eight days prior to the

denial of relief, on November 10, 2008, Mr. Clark pled to a reduced charge, and

on March 2, 2009, he was sentenced. Aplt. Br. 15. His sentence was suspended,

and he was ultimately placed on six years' probation and ordered to serve 125 days in a county facility. Aplt. Br. 15. We deny the motion for a COA because the proceeding is moot, dismiss the appeal, vacate the district court's order, and remand with directions to dismiss the underlying proceeding without prejudice. See McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996) (noting that a court may raise the issue of mootness sua sponte); see also Davis v. Roberts, 425 F.3d 830, 834 (10th Cir. 2005).

In his petition, Mr. Clark challenges the Utah court's jurisdiction over him, claiming that he is a member of a federally protected Indian tribe—the Uintah Band Indian Tribe—and that the alleged criminal violations took place in Indian territory. He filed his petition in the district court while awaiting his state-court trial; however, § 2241 petitions that challenge a defendant's pretrial custody become moot upon the conviction of the petitioner. See Miller v. Glanz, No. 09-5005, 2009 WL 1741386, at *1 (10th Cir. June 22, 2009) (unpublished). His petition is now before us on an application for COA to review the district court's disposition of Mr. Clark's jurisdictional claim on the merits. Because Mr. Clark entered a plea of guilty and was subsequently sentenced, his request for dismissal of his pending prosecution under § 2241 has been mooted. See Williams v. Slater, No. 08-4047, 2008 WL 2470914, at *1 (10th Cir. June 20, 2008) (unpublished) (following Thorne v. Warden, 479 F.3d 297, 299 (2d Cir. 1973), and Fassler v. United States, 858 F.2d 1016, 1018 (5th Cir. 1998)).

While "[a]bsence of jurisdiction in the convicting court is a proper basis for federal habeas relief cognizable under the due process clause," Reber v. Steele, No. 08-4057, slip op. at 5 (10th Cir. July 1, 2009), Mr. Clark has been sentenced, and thus the proper avenue of relief is a habeas petition under 28 U.S.C. § 2254, assuming he meets the "in custody" requirement of that statute. See 28 U.S.C. § 2254(b)(1) (indicating that a petitioner must be "in custody pursuant to the judgment of a State court"). We decline to recast Mr. Clark's petition as a § 2254 petition because it could result in prejudice for any other grounds he may wish to raise or any subsequent habeas petitions he may wish to pursue, thus subjecting him to the constraints of 28 U.S.C. § 2244(b) on second or successive habeas petitions. Rather, we simply hold that, his underlying § 2241 petition having become moot, relief on appeal is now precluded and dismissal of the appeal on this basis is appropriate. See Boyce v. Ashcroft, 268 F.3d 953, 955 (10th Cir. 2001). Additionally, in order to preserve the rights of the parties, it is our duty to vacate the district court's judgment with directions to dismiss. See United States v. Munsingwear, Inc., 340 U.S. 36, 39-40 (1950); Miller, 2009 WL 1741386, at *2.

Therefore, we DENY the motion for a COA as moot, DISMISS the appeal, VACATE the district court's order, and REMAND with directions to dismiss the underlying proceeding without prejudice.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge