**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BRADFORD G. BURBINE, | No. 09-17329 |
| Petitioner - Appellant, | D.C. No. 2:04-cv-01691-LKK-EFB |
| v. | |
| A.K. SCRIBNER, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Argued and Submitted May 13, 2011
San Francisco, California

Before: B. FLETCHER and THOMAS, Circuit Judges, and ROSENTHAL,

District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Lee H. Rosenthal, District Judge for the U.S. District Court for Southern Texas, Houston, sitting by designation.

Bradford G. Burbine appealed the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition. Burbine's counsel has notified this court that Burbine died on May 12, 2011. We must dismiss an appeal as moot if we lack power to grant relief. *See Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991). Burbine's counsel, citing *United States v. Oberlin*, 718 F.2d 894 (9th Cir. 1983), argues that her client's death requires abating not only this appeal but also the underlying state-court criminal proceedings, including the conviction. The *Oberlin* court observed that "[d]eath pending *appeal of a criminal conviction* abates not only the appeal but all proceedings in the prosecution from its inception." *Id.* at 895 (citing *Durham v. United States*, 401 U.S. 481, 483 (1971) (per curiam)) (emphasis added). But abatement does not apply once a convicted defendant has exhausted the appeals available as a matter of right in the underlying criminal case. *See Dove v. United States*, 423 U.S. 325, 325 (1976) (per curiam) (dismissing, without abatement, a *certiorari* petition from an appellate decision in the criminal proceedings after the defendant's death and explicitly overruling *Durham* to the extent the cases conflict); *Krantz v. United States*, 224 F.3d 125, 126–27 (2d Cir. 2000) (per curiam) (refusing to abate the criminal proceedings when the petitioner died after the filing of a notice of appeal from the denial of his § 2255 motion, but before a certificate of appealability was granted). Burbine's

2

death during this appeal from the denial of his § 2254 motion requires dismissing the appeal as moot, but does not require abating the prosecution "from its inception."

**DISMISSED AS MOOT.**