**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 6, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TRACY NEIBERGER,

      Petitioner-Appellant,

v.

JAMES RUDEK, Warden,

      Respondent-Appellee.

No. 11-5101
(D.C. No. 4:11-CV-00033-GKF-TLW)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Tracy Neiberger is a prisoner in the custody of the State of Oklahoma.

Proceeding pro se,[1] he seeks a Certificate of Appealability ("COA") to appeal the

district court's denial of his 28 U.S.C § 2254 petition for a writ of habeas corpus.

---

[*]   This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

    After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]   Because Mr. Neiberger is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

For the reasons explained below, we deny his request for a COA, dismiss this matter for lack of jurisdiction, and remand to the district court with instructions to vacate its judgment.

## I. Background

On December 13, 1984, Mr. Neiberger "was convicted on . . . [a] plea[] of guilty to four charges of Robbery With a Firearm" in Tulsa County District Court. R., Vol. 1, at 19 (Dist. Ct. Op. & Order, filed June 27, 2011). He was sentenced to eighteen years' imprisonment on each charge, "with the sentences to run concurrently." *Id.*

Mr. Neiberger did not file a motion to withdraw his plea, nor did he perfect a certiorari appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). In fact, he did not take any action challenging the validity of his convictions until February 26, 2010. On that date, he filed a petition in state district court collaterally attacking his convictions and "alleging several propositions of error which he [claims] entitle him to have his judgments and sentences vacated." *Id.* at 14 (OCCA Order Affirm. Den. App. Post Conviction Relief, filed June 28, 2010). The state district court denied his claims and, on appeal, the OCCA affirmed, finding his petition barred by the state-law doctrine of laches. *See id.* at 15 ("Petitioner is barred by laches from being granted the relief requested, and has forfeited the right to assert he is entitled to relief."). The OCCA found "no plausible explanation" for Mr. Neiberger's twenty-five-year delay in challenging

-2-

his convictions and guilty plea. *Id.* at 15–16.

Mr. Neiberger filed a federal habeas petition on December 23, 2010. He challenged the validity of his 1984 convictions, "arguing that he was denied the effective assistance of counsel, that he was deprived of due process and equal protection . . . , and that the [state] district court imposed an unauthorized fine." *Id.* at 20. The district court found his petition barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1).

The district court concluded that Mr. Neiberger's convictions became final on December 23, 1984, ten days after the entry of the judgment and sentence in his case because he did not seek to withdraw his plea or appeal his convictions.[2] *See* Rule 4.1, *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, ch. 18, app. (1981) ("To appeal from any conviction on a plea of guilty, the defendant must have filed an application to withdraw the plea . . . within ten (10) days from the date of the pronouncement of the judgment and sentence . . . .").[3]

---

[2]    Pertinently, under AEDPA, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

[3]    The substance of the Oklahoma rule setting forth the procedures for withdrawing a guilty plea in order to file an appeal is materially the same today as it was under the rules that applied when Mr. Neiberger was convicted. *Compare* Rule 4.1, *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, ch. 18, app. (1981), *with* Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, ch. 18, app. (2010) ("[T]o appeal from any conviction

However, the district court correctly noted that prisoners whose convictions became final before April 24, 1996—AEDPA's enactment date—were afforded a one-year grace period within which to file for federal habeas relief. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) ("Where a conviction became final before AEDPA took effect, as is the case with [the petitioner], the one year limitation period for a federal habeas petition starts on AEDPA's effective date, April 24, 1996."). Thus, because Mr. Neiberger's convictions became final before April 24, 1996, the district court found that he had until April 24, 1997, absent any applicable tolling, to file his petition.

The district court further concluded, however, that Mr. Neiberger nonetheless filed his petition long after the one-year limitations period expired and was not entitled to any tolling exceptions. Specifically, although 28 U.S.C. § 2244(d)(2) provides that the one-year limitations period is tolled during pursuit of state collateral proceedings, Mr. Neiberger's relevant state post-conviction proceedings were initiated well after his one-year term expired on April 24, 1997. The district court also concluded that he was not entitled to equitable tolling because there was no evidence that he diligently pursued his rights or that "extraordinary circumstances" stood in the way of his filing of a petition for

---

on a plea of guilty or nolo contendere, the defendant must have filed in the trial court clerk's office an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence[.]"). Mr. Neiberger does not contest that his convictions were "final" for purposes of Oklahoma law on December 23, 1984.

relief. *See* R., Vol. 1, at 23 (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)) (internal quotation marks omitted). It therefore dismissed his petition *with* prejudice as time-barred and denied a COA. He now seeks a COA from us to challenge the district court's determination.

## II. Discussion

A COA is a jurisdictional prerequisite to our review of the merits of a habeas appeal. 28 U.S.C. § 2253(c)(1)(A); *accord Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the applicant must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

Where, as here, the district court denies an application on a procedural ground, ordinarily the applicant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (quoting *Slack*, 529 U.S. at 484) (internal quotation

marks omitted).

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484; *accord Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008). "[W]e may deny a COA if there is a plain procedural bar to habeas relief, even though the district court did not rely on that bar." *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005); *see also Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. 2009) ("While this proceeding is currently before us on an application for COA to review the district court's disposition of the [Interstate Agreement on Detainers Act] claim on the merits, that does not impede our ability to recognize other impediments to habeas relief in the case."). That is precisely the situation that we face here: we have identified a procedural bar to COA relief arising from the district court's lack of subject matter jurisdiction to adjudicate Mr. Neiberger's habeas petition—specifically, Mr. Neiberger failed to demonstrate that he was "in custody"—and we feel obliged to rest our COA decision on that jurisdictional procedural bar. *See Davis*, 425 F.3d at 833–35 (declining to rest COA determination on district court's procedural decision that prisoner's 28 U.S.C. § 2241 petition was time-barred, but rather concluding that the prisoner did not satisfy the "in custody" requirement).

The Supreme Court has stated that "[a]n appellate federal court must satisfy

-6-

itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review." *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934); *accord Arizonans for Official English v. Arizona*, 520 U.S. 43, 73 (1997); *see also United States v. Corrick*, 298 U.S. 435, 440 (1936) (noting that when a district court lacked subject matter jurisdiction, "we have jurisdiction on appeal, not of the merits, but merely for the purpose of correcting the error of the lower court in entertaining the suit"); *United States v. Siviglia*, 686 F.2d 832, 834–35 (10th Cir. 1981) ("Notwithstanding the fact that neither party has raised the issue of this court's jurisdiction to hear this consolidated appeal, jurisdictional questions are of primary consideration and can be raised at any time by courts on their own motion."). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)) (internal quotation marks omitted); *accord United States v. Tony*, 637 F.3d 1153, 1157 (10th Cir. 2011).

Thus, at the outset, we feel obliged in our COA inquiry to address a key jurisdictional issue in habeas actions—the "in custody" requirement. In particular, federal district courts lack subject matter jurisdiction to consider a petition under § 2254 unless the petitioner is "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S.

488, 490–91 (1989) (per curiam); *Anderson-Bey v. Zavaras*, 641 F.3d 445, 453 (10th Cir. 2011) ("To obtain relief under § 2254, the applicant must be 'in custody' under the challenged judgment."); *McCormick v. Kline*, 572 F.3d 841, 848 (10th Cir. 2009) ("Section 2254's in-custody requirement is jurisdictional.").

Because we conclude that Mr. Neiberger has failed to demonstrate that this jurisdictional requirement is satisfied, we must conclude that reasonable jurists could not debate the district court's decision to dismiss the petition on procedural grounds and, accordingly, we deny Mr. Neiberger a COA and dismiss this matter. *See Davis*, 425 F.3d at 834 ("To the extent that Mr. Davis raises a claim challenging the execution of his 1991 sentence, the district court lacked jurisdiction to hear the claim because he was no longer in custody under that sentence when he filed for relief in that court. Therefore, dismissal of Mr. Davis's § 2241 claim was clearly correct and we deny a COA on that claim."); *see also McCormick*, 572 F.3d at 853 ("Because we lack jurisdiction over McCormick's [habeas] petition [because he was not 'in custody'], his application for COA on the additional issues is DENIED as moot.").

And, because the procedural bar that we have identified is jurisdictional, we remand to the district court to vacate its judgment, which was entered *with* prejudice, and to dismiss Mr. Neiberger's petition for lack of subject matter jurisdiction *without* prejudice. *See Brown v. Warden, Springfield Med. Ctr. for Fed. Prisoners*, 315 F.3d 1268, 1270 (10th Cir. 2003) ("Because the district court

lacked jurisdiction to entertain Brown's [habeas] petition [because the 'in custody' requirement was not satisfied], the application for a COA is **DENIED** and the matter is **DISMISSED**."); *Miller v. Glanz*, 331 F. App'x 608, 611 (10th Cir. 2009) (holding that when lack of subject matter jurisdiction (i.e., mootness) is noticed during COA inquiry, the appropriate remedy involves denying the COA and dismissing the appellate matter, vacating the district court's judgment, and remanding with instructions to dismiss the underlying case *without* prejudice);[4] *cf.* *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1133 (10th Cir. 2010) (dismissing the appeal and remanding to the district court "with directions to **VACATE**" its judgment on the ground that the claims that the district court had adjudicated were moot). *Compare Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from

---

[4]     The *Miller* panel helpfully discussed its rationale for why this is the appropriate course, not only in the customary context where the court initially has appellate jurisdiction over the appeal, but also when it has jurisdiction over a pending COA application:

> This distinction between cases mooted when appeal is pending and cases mooted when COA is pending seems a distinction without a difference: in *both* cases the *court lacks appellate jurisdiction when it dismisses the appeal* (and, under the usual procedure, vacates the district court's judgment and remands with directions to dismiss the case). If the absence of jurisdiction does not deprive the appellate court of the power to vacate the district court's judgment and direct dismissal in the former, it should not in the latter.

*Miller*, 331 F. App'x at 611.

this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice."), *with* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 605–08 (3d ed. 2008) ("[T]he dismissal, due to the operation of the applicable statute of limitations, has the effect of a dismissal with prejudice.")

Specifically, having carefully considered Mr. Neiberger's filings, and the record as a whole, we conclude that Mr. Neiberger has failed to demonstrate that the "in custody" jurisdictional requirement is satisfied. *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (stating that "[t]he party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction" and, thus, that such party must demonstrate that he "is in custody at the time of initiating [his] petition"); *see also Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (noting that "the party invoking federal jurisdiction bears the burden of proof" (quoting *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999)) (internal quotation marks omitted)).

Mr. Neiberger's habeas petition quite plainly challenges his 1984 convictions. *See* R., Vol. 1, at 4 (Pet. for Writ of Habeas Corpus, filed Dec. 23, 2010) (indicating that November 1984 is the date of "the judgment of conviction under attack"). However, employing simple arithmetic, the four eighteen-year *concurrent* sentences that were imposed upon judgment in 1984 expired by their

terms in 2002. *See Maleng*, 490 U.S. at 489 (employing similar analysis in assessing satisfaction of "in custody" requirement; stating that "[i]n 1958, respondent was convicted of robbery in Washington state court and sentenced to 20 years of imprisonment; this sentence expired by its terms in 1978"). Mr. Neiberger has not offered us any explanation as to how the "in custody" requirement is nonetheless satisfied.

To be sure, in very limited circumstances, the "in custody" requirement may be satisfied where a petitioner challenges a "conviction [that] was used to enhance the sentence he is now serving." *Anderson-Bey*, 641 F.3d at 453. However, in those circumstances, a petitioner does not directly challenge the prior enhancing conviction whose sentence he has already served (i.e., as to which he is no longer in custody). *See Maleng*, 490 U.S. at 491 ("In this case, the Court of Appeals held that a habeas petitioner may be 'in custody' under a conviction whose sentence has fully expired at the time his petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction. We think that this interpretation stretches the language 'in custody' too far."); *see also Garlotte v. Fordice*, 515 U.S. 39, 45 (1995) ("We held [in *Maleng*] that the potential use of a conviction to enhance a sentence for subsequent offenses did not suffice to render a person 'in custody' within the meaning of the habeas statute."). Instead, "a [petitioner] challenges a current sentence on the ground that it was enhanced based on an allegedly

-11-

unconstitutional prior conviction for which the petitioner is no longer in custody."[5] *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 396 (2001); *see also* 1 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 8.2[c], at 437–38 (6th ed. 2011) ("In certain situations, however, a prisoner can challenge the legality of such a former conviction by filing a petition challenging the legality of the current sentence and asserting that the current sentence has been or may be unlawfully enhanced or lengthened by the allegedly illegal prior conviction. By framing the claim as a challenge to the current sentence as enhanced or lengthened by the former conviction, the prisoner satisfies the 'in custody' requirement.").

Mr. Neiberger's averments do not come close to satisfying the "in custody" requirement under these legal principles. Significantly, Mr. Neiberger has not framed his habeas petition as an attack on his *current* sentence, on the ground that it was enhanced by his 1984 convictions, but rather as a direct attack on the 1984 convictions. Construing his pro se filings liberally, this failing would not necessarily create an insurmountable obstacle to relief. *See Maleng*, 490 U.S. at

_____

[5]     This is what the defendant sought unsuccessfully to do in *Anderson-Bey*, as he "d[id] not dispute that his [prior enhancing] criminal-trespass conviction [of 1983] [wa]s no longer open to direct or *collateral attack* in its own right." *Anderson-Bey*, 641 F.3d at 453 (emphasis added); *see, e.g.*, Aplt. Opening Br. at 8, *Anderson-Bey v. Zavaras*, No. 10-1159 (10th Cir. Oct. 6, 2010) (characterizing the issue as "whether the *enhanced sentence* . . . violated the Due Process Clause" because the enhancing conviction was constitutionally defective (emphasis added)).

493–94 ("Since we think respondent's habeas petition, construed with the deference to which *pro se* litigants are entitled, can be read as asserting a challenge to the 1978 sentences, as enhanced by the allegedly invalid prior conviction, we affirm the Court of Appeals' finding that respondent has satisfied the 'in custody' requirement for federal habeas jurisdiction." (citations omitted)); *accord McCormick*, 572 F.3d at 851. But Mr. Neiberger has not even identified the criminal sentence that forms the basis for his current incarceration, much less made a particularized argument that this sentence was enhanced by his 1984 convictions. *Cf. Maleng*, 490 U.S. at 489–90 ("Respondent's petition listed the 1958 Washington conviction as the 'conviction under attack,' alleging that it was invalid because respondent had not been given a competency hearing . . . . [but] also alleged that the 1958 conviction had been used illegally to enhance his 1978 state sentences, which he had not yet begun to serve."); *McCormick*, 572 F.3d at 851–52 ("[W]e must be able to construe the petition—which lists McCormick's 2001 convictions as the judgment of conviction under attack—as a challenge to his 2004 sentence as enhanced by the 2001 convictions.").

Specifically, without identifying his current sentence, Mr. Neiberger alleges in his petition (albeit erroneously) only that "anytime a prior conviction is used to enhance[,] it is always open for collateral attack." R., Vol. 1, at 5 (emphasis omitted). And then, before us, he makes a fleeting suggestion that "Judgments and Sentences"—presumably those obtained in 1984—were "used to

enhance punishment in this case being appealed." Aplt. Opening Br. at 3. But he does not identify the conviction in this "case" to which he refers, and does not indicate whether the sentence relating to that conviction is currently unexpired, or how the 1984 convictions were used as enhancements. Thus, even though it would be permissible for us to liberally construe Mr. Neiberger's pro se habeas petition as attacking an enhanced sentence for which he currently is "in custody"—instead of directly attacking his 1984 convictions—Mr. Neiberger has not given us any basis for determining that his current sentence is a sentence that has been enhanced by the 1984 convictions. *Cf. McCormick*, 572 F.3d at 852 (concluding that petitioner's single explicit reference in his amended petition to the use of his 2001 conviction to enhance his 2004 conviction and to his intention to attack that enhancement, although amounting "at best" to "perfunctory" references, was sufficient to assert a challenge to the 2004 conviction for purposes of the "in custody" requirement). To reach a conclusion that Mr. Neiberger's current sentence (whatever it is) was enhanced by his 1984 convictions, we would need to engage in speculation and conjecture, and federal courts are disinclined to ground subject matter jurisdiction on such processes. *Cf. Nichols v. Utah*, 315 F. App'x 740, 743 n.3 (10th Cir. 2009) ("These arrests do not establish that Nichols was 'in custody,' however, and Nichols does not provide evidence in this record—concerning these arrests or otherwise—to demonstrate the district court erred in finding that he was not 'in custody' for

-14-

habeas purposes when he filed his habeas petitions.").

Mr. Neiberger's petition was subject to dismissal on jurisdictional grounds; he has failed to demonstrate that he was "in custody" at the time he filed the petition. Therefore, "dismissal of [Mr. Neiberger's] § [2254] claim was clearly correct and we deny a COA on that claim." *Davis*, 425 F.3d at 834. Reasonable jurists could not debate the resolution of Mr. Neiberger's petition based upon a procedural bar.

### III. Conclusion

We have concluded that the district court lacked subject matter jurisdiction to resolve Mr. Neiberger's habeas petition because Mr. Neiberger has not demonstrated that he was "in custody" when he filed it. Consequently, for the reasons noted above, we **DENY** Mr. Neiberger's request for a COA and **DISMISS** this matter. We remand the case to the district court with instructions to conform its judgment to our holding by **VACATING** the judgment and dismissing Mr. Neiberger's petition *without* prejudice for lack of subject matter jurisdiction.

Entered for the Court

JEROME A. HOLMES
Circuit Judge

-15-