**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-7761**

_____

ROBERT SAMUEL EAKES,

        Petitioner - Appellant,

    v.

WARDEN MCCALL,

        Respondent - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Aiken.  J. Michelle Childs, District Judge. (1:11-cv-00571-JMC)

_____

Submitted:  July 9, 2013               Decided:  July 18, 2013

_____

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

John J. Korzen, WAKE FOREST UNIVERSITY, Winston-Salem, North Carolina, for Appellant.  Melody Jane Brown, Assistant Attorney General, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On October 10, 2012, Robert Samuel Eakes appealed the district court's orders denying relief on his 28 U.S.C. § 2254 (2006) petition and denying his Fed. R. Civ. P. 59(e) motion. On June 11, 2013, we granted Eakes leave to proceed in forma pauperis, granted a certificate of appealability on one of the issues raised in his informal brief, and appointed counsel on Eakes' behalf. When Eakes' appointed counsel attempted to contact Eakes, he discovered that Eakes had died of natural causes on November 21, 2012, shortly after Eakes noted his appeal but before we granted a certificate of appealability. Eakes' counsel promptly filed a suggestion of death, see Fed. R. App. P. 43(a)(1), and we directed the parties to provide their views on how this case should proceed.

Because Eakes had passed away at the time we entered the June 11 order, we vacate that order, deny Eakes leave to proceed in forma pauperis, deny a certificate of appealability, and dismiss the appeal as moot. See Hailey v. Russell, 394 U.S. 915, 915 (1969) (concluding that habeas petition rendered "moot[] by reason of [the] death of petitioner"); McMillin v. Bowersox, 102 F.3d 987, 987 (8th Cir. 1996) ("Since [petitioner's] imprisonment ended upon his death, and there can be no future collateral consequences flowing from his imprisonment, his collateral attack is moot."). Moreover,

2

having now denied a certificate of appealability, we decline Eakes' counsel's invitation to vacate the district court's order and remand with instructions to dismiss Eakes' § 2254 petition as moot, as we are without jurisdiction to do so. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (holding that issuance of certificate of appealability is "jurisdictional prerequisite" to appellate court's review of denial of habeas relief); Krantz v. United States, 224 F.3d 125, 127 (2d Cir. 2000) (declining to vacate district court's habeas ruling and remand with instructions to dismiss as moot because court of appeals "did not have appellate jurisdiction at the time of petitioner's death [as] a certificate of appealability had not yet issued").

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3