**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 29, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TRACY H. NEIBERGER,

      Petitioner - Appellant,

v.

TRACY McCOLLUM, Warden,

      Respondent - Appellee.

No. 14-5059
(D.C. No. 4:13-CV-00751-GKF-TLW)
(N.D. Oklahoma)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

---

Defendant Tracy Neiberger applied for relief under 28 U.S.C. § 2254 more than

nine years after his state-court conviction became final. The United States District Court

for the Northern District of Oklahoma dismissed the application as untimely. Defendant

now seeks a certificate of appealability (COA) from this court to appeal the dismissal.

*See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal dismissal of § 2254 motion).

We deny the request and dismiss the appeal.

**I.      BACKGROUND**

Defendant pleaded guilty to five offenses and was sentenced on July 18, 2002.

After he unsuccessfully moved to withdraw his pleas, he sought review in the Oklahoma

Court of Criminal Appeals (OCCA), which denied relief on April 25, 2003. He did not seek further review in the United States Supreme Court. On April 26, 2004, he filed with the state trial court a motion for sentence modification, a motion which was denied 11 days later. He did not appeal. On December 28, 2011, he filed with the state trial court a motion for postconviction relief, which was denied; he did not perfect a timely appeal to the OCCA. And on May 22, 2013, he again unsuccessfully sought postconviction relief in the trial court, and the OCCA affirmed the denial of relief.

Defendant filed his § 2254 application on November 18, 2013. He identified eight alleged errors: (1) the state court's fact findings were insufficient to protect his federal constitutional rights, (2) the state court denied him due process and equal protection by declining to rule on his May 2013 motion for a new trial, (3) the state court improperly refused to follow opinions by the Tenth Circuit and the United States Supreme Court, (4) the state court erred by issuing orders based on cases that had been overruled, (5) the state court erred in applying the Double Jeopardy Clause, (6) the state court should not have tried defendant without establishing that he was mentally competent to stand trial, (7) the state court denied him due process under the Fourteenth Amendment by sentencing him under a repealed sentencing range, and (8) Defendant's trial and appellate counsel were ineffective. The district court dismissed the application as untimely. It ruled that Defendant was entitled to only 11 days of statutory tolling while Defendant's motion for sentence modification was pending and that Defendant was not entitled to equitable tolling. The court also denied a COA.

## II.    DISCUSSION

### A.    Standard of Review

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*  If the application was denied on procedural grounds, the applicant faces a double hurdle.  Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

### B.    Timeliness and Statutory Tolling

28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The district court explained that Defendant's state-court conviction became final on July 24, 2003, upon expiration of the 90-day period (after the OCCA denied relief on direct appeal) for seeking a writ of certiorari from the Supreme Court. Defendant does not challenge this determination and we agree. The one-year limitation period under § 2244(d)(1) for challenging his conviction therefore commenced on July 25, 2003.[1]

---

[1]     We agree with the district court that none of the Supreme Court cases cited by Defendant would delay commencement of the limitation period under § 2244(d)(1)(C). And Defendant likewise showed no basis for application of § 2244(d)(1)(B). He does not raise an argument under either provision in this court.

    Also, some of Defendant's claims appear to challenge the conduct of his state postconviction proceedings rather than his conviction (for example, Defendant's claim that he was denied due process and equal protection in his May 2013 state-court postconviction proceeding). But such claims are not cognizable under § 2254 and must be dismissed regardless of timeliness. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional error he raises focuses only on the State's post-

We also agree with the district court that Defendant was entitled to tolling under § 2244(d)(2) for the 11 days from the time he filed his motion for sentence modification to the time the state court denied the motion. *See Wall v. Kholi*, 131 S. Ct. 1278, 1287 (2011). He was also entitled, however, to tolling for the 30 days during which he could have appealed the denial of his motion. *See Williams v. Gibson*, 237 F.3d 1267, 1269 (10th Cir. 2001); Okla. Stat. tit. 22, § 1087 (1970) ("A final judgment entered under this act [the Oklahoma Post-Conviction Procedure Act, Okla. Stat. tit. 22, §§ 1080 et seq.] may be appealed to the Court of Criminal Appeals on petition in error filed either by the applicant or the state within thirty (30) days from the entry of the judgment."). This means that Defendant could have filed his § 2254 application by September 4, 2004, which would be extended to September 7 because September 4 was the Saturday of the Labor Day Weekend. *See* Fed. R. Civ. P. 6(a)(1)(C)).

When Defendant filed his § 2254 application on November 18, 2013, he was more than nine years past the one-year deadline.

## C.     Equitable Tolling

Defendant argues in this court that his claim should not be time-barred because a state trial court instructed him that he could not challenge his July 2002 conviction until he had first challenged a prior conviction, which he did in a prior case before this circuit. Our decision in that case, however, notes that Defendant made no effort to challenge the

---

conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim.")

5

prior 1984 conviction until February 2010. *See Neiberger v. Rudek*, 450 F. App'x 719, 720 (10th Cir. 2011). This tolling argument has no merit. As for the equitable-tolling arguments raised by Defendant in district court, we agree with that court's unchallenged analysis rejecting those arguments.

## III. CONCLUSION

We DENY a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge