# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-70040

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2016

Lyle W. Cayce
Clerk

MAX ALEXANDER SOFFAR,

Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-3783

Before DENNIS, SOUTHWICK, and HAYNES, Circuit Judges.

JAMES L. DENNIS, Circuit Judge:*

Max Alexander Soffar was twice convicted of capital murder and sentenced to death for participating in the robbery and execution-style killing of three people at a Houston, Texas, bowling alley in 1980. In both trials, the only evidence linking Soffar to the crimes was his confession to police officers, raising the possibility that Soffar may have confessed to crimes he did not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

commit.   In the various proceedings in which Soffar sought relief from his conviction and sentence, three judges of this court and three judges of the Texas Court of Criminal Appeals agreed that "[t]here is something very wrong about this case." *Ex Parte Soffar*, No. WR-29,980-03, 2012 WL 4713562, at \*2 (Tex. Crim. App. Oct. 3, 2012) (unpublished) (Cochran, J., joined by Johnson and Alcala, JJ., concurring in denial of state habeas); *accord Soffar v. Cockrell*, 300 F.3d 588, 613 (5th Cir. 2002) (en banc) (DeMoss, J., joined by Parker and Dennis, JJ., dissenting) ("I have laid awake nights agonizing over the enigmas, contradictions, and ambiguities which are inherent in this record.").

In 2004, a panel of this court granted Soffar's first habeas application under 28 U.S.C. § 2254 and set aside his 1981 conviction.  *Soffar v. Dretke*, 368 F.3d 441, 456, 488-89 (5th Cir.), *amended on reh'g in part*, 391 F.3d 703 (5th Cir. 2004).   Soffar was subsequently retried and, again, convicted and sentenced to death.  Soffar exhausted his state court remedies but was denied relief.  He then turned to the federal courts in hopes of obtaining relief.  After the district court denied his new § 2254 application, we granted certificates of appealability as to three of his claims and scheduled oral argument.  However, on April 24, 2016, three days before oral argument was to take place, Soffar died of terminal cancer.  Although Soffar's attorneys argue that an extant controversy remains, we conclude that Soffar's death moots his federal habeas corpus claim and therefore we must vacate the district court's judgment and remand the case with instruction to dismiss it as moot.  The district court's judgment is VACATED, and the case is REMANDED to the district court with direction to dismiss it as moot.  *See Knapp v. Baker*, 509 F.2d 922, 922 (5th Cir. 1975) (citing *Gornto* v. *MacDougall*, 482 F.2d 361 (5th Cir. 1973)).