FILED
United States Court of Appeals
Tenth Circuit

December 5, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT
_____

PAUL WACH,

    Petitioner - Appellant,

v.

STATE OF UTAH; UTAH
DEPARTMENT OF CORRECTIONS;
UTAH BOARD OF PARDONS AND
PAROLE,

    Respondents - Appellees.

No. 23-4123
(D.C. No. 2:22-CV-00048-DAK)
(D. Utah)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HARTZ**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

The Utah Board of Pardons and Parole revoked Paul Wach's parole and decided not to release him for several years. Mr. Wach challenged the Board's decision in a 28 U.S.C. § 2241 application, and he now seeks to appeal the district court's dismissal of that application. But he has recently been released on parole once again, and we conclude his release made this matter moot.

In 1999, a Utah court sentenced Mr. Wach to serve ten years to life in prison. He has since gone in and out of prison through several parole grants and revocations. His

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

most recent revocation occurred in 2013 after he was convicted of a misdemeanor offense.  In 2014, the Board denied him parole and set a rehearing for 2024.

In 2022, Mr. Wach filed his § 2241 habeas application.  Claiming the Board violated state and federal law in the 2014 hearing, his application focused on an allegation that the Board withheld information from him and then used the information against him.  The district court dismissed his application with prejudice, holding he had not shown a violation of his federal rights.

Mr. Wach seeks to appeal the district court's dismissal.  He can appeal only if we grant a certificate of appealability.  *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).  We may grant a certificate of appealability if he makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

But we will not reach the merits if the case has become moot.  *See Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) ("Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." (internal quotation marks omitted)).  A case becomes moot if "it becomes impossible for a court to grant effective relief."  *Id.* (internal quotation marks omitted).

Mootness arose as an issue here because, while the case has been pending before us, the Board once again granted Mr. Wach parole.  A habeas applicant's release to parole will generally render moot any challenge to "determinations that delayed his parole date."  *Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir. 1986).  But the case

2

will remain live if a decision on the merits could still remedy some collateral consequence. *See id.*; *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998).

At our request, the parties have briefed whether Mr. Wach's release made this case moot. Mr. Wach offers three theories to avoid mootness, but none is persuasive.

*First*, he highlights that his § 2241 application requested not only his immediate release but also the immediate termination of his sentence. But he offers no authority suggesting a federal court could vacate his sentence if he prevailed on his § 2241 application, an application directed to the execution of his sentence rather than the validity of the sentence itself. And he cannot avoid mootness by requesting relief that is unavailable.

*Second*, he lists various ways the Board's decision harmed him. With one exception, these harms—emotional distress and loss of wages, for example—flow from his incarceration. At this point, however, his incarceration is over "and cannot be undone." *Spencer*, 523 U.S. at 8. The one harm he alleges not stemming from his incarceration is the Board's making "false and defamatory allegations" against him. Aplt. Suppl. Br. at 6. But he fails even to describe those allegations and does not explain how they continue to harm him or how that harm could be remedied in a § 2241 proceeding.

*Third*, he discusses qualified immunity, suggesting he seeks monetary damages. But damages are not an available remedy in habeas. *See Muhammad v. Close*, 540 U.S. 749, 750–51 (2004) (per curiam).

Given this case is now moot, what (if anything) should happen to the district court's judgment?  When a case becomes moot while pending before us because of "happenstance or the actions of the prevailing party," we will typically vacate the district court's judgment and remand with directions to dismiss.  *Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1213 (10th Cir. 2005).  We have followed that procedure in habeas cases.  *See Boyce v. Ashcroft*, 268 F.3d 953, 955 (10th Cir. 2001).  And we see no reason to depart from it here.  *See Miller v. Glanz*, 331 F. App'x 608, 611 (10th Cir. 2009).

*        *        *

We deny as moot Mr. Wach's application for a certificate of appealability and dismiss this matter.  We vacate the district court's judgment dismissing his § 2241 application with prejudice, and we remand with directions to dismiss it without prejudice.

Entered for the Court

Veronica S. Rossman
Circuit Judge