Marquelle MILLER, et al.,
Plaintiffs–Appellants,

v.

John T. BENSON, Superintendent of Public Instruction for the State of Wisconsin, Defendant–Appellee.

No. 95–1867.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 2, 1995.

Decided Oct. 6, 1995.

Mark Jeffrey Bredemeier, Jerald L. Hill, Richard P. Hutchinson, Landmark Legal Foundation, Kansas City, MO, Mark R. Levin, Landmark Center for Civil Rights, Washington, DC, for Plaintiffs–Appellants.

Warren D. Weinstein, Asst. Atty. Gen., Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, Robert B. Millner, Sonnenschein, Nath & Rosenthal, Chicago, IL, for John T. Benson.

Robert B. Millner, Ellen Mayer, American Jewish Congress, Chicago, IL, for amicus curiae, American Jewish Congress.

Steven K. Green, Julie Segal, Washington, DC, for amicus curiae, Americans United for Separation of Church and State.

Steven M. Freeman, Anti–Defamation League of B'nai B'rith, New York City, for amicus curiae, Anti–Defamation League.

Elliott Mincberg, Washington, DC, for amicus curiae, People for the American Way.

Jon G. Furlow, Michael, Best & Friedrich, Madison, WI, Jane M. Whicher, Lauren L. McFarlane, Roger Baldwin Foundation of ACLU, Inc., Chicago, IL, Peter Koneazny, American Civil Liberty Union of Wisconsin, Milwaukee, WI, for amicus curiae, American Civil Liberties Union of Wisconsin, amicus curiae, American Civil Liberties Union of Illinois, amicus curiae, Milwaukee Jewish Counsel for Community Relations, Incorporated, and amicus curiae, Wisconsin Jewish Conference.

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

## PER CURIAM.

In 1990 Wisconsin enacted a statute permitting some children in Milwaukee to attend nonsectarian private schools at public expense. Wis.Stat. § 119.23. Five children who qualify for this program filed suit contending that the exclusion of religious schools violated the free exercise clause of the first amendment to the Constitution, applied to the states by the fourteenth amendment. *Rosenberger v. University of Virginia,* —— U.S. ——, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995); *Zobrest v. Catalina Foothills School District,* —— U.S. ——, 113 S.Ct. 2462, 125 L.Ed.2d 1 (1993). The district court granted summary judgment against the pupils. 878 F.Supp. 1209 (E.D.Wis.1995).

While the appeal was pending, the state repealed the original § 119.23 and enacted a new version minus the word "nonsectarian" in the description of covered private schools. 1995 Wisconsin Act 27. The new law, which took effect on July 29, 1995, authorizes reimbursement of tuition at religious schools, provided the schools (and students) meet the other statutory criteria. The Attorney General of Wisconsin has filed a motion arguing that the case is moot. Plaintiffs' response is equivocal. They do not contend that the revision leaves them under the same burden that led to the suit. Compare *Northeastern Florida Contractors v. Jacksonville,* —— U.S. ——, ——, 113 S.Ct. 2297, 2301, 124 L.Ed.2d 586 (1993), with *Bureau of Alcohol, Tobacco & Firearms v. Galioto,* 477 U.S. 556, 106 S.Ct. 2683, 91 L.Ed.2d 459 (1986). The amendment gives plaintiffs exactly what they sought in this litigation—equal treatment of secular and sectarian private schools under the state's funding program. Victory in the legislative forum makes judicial proceedings moot. See *United Building and Construction Trades Council v. Camden,* 465 U.S. 208, 213–14, 104 S.Ct. 1020, 1024–25, 79 L.Ed.2d 249 (1984); *Princeton University v. Schmid,* 455 U.S. 100, 102 S.Ct. 867, 70 L.Ed.2d 855 (1982). Instead plaintiffs express concern that new litigation, filed in state court to challenge the amended law as a forbidden establishment of religion, may lead to a decision restoring the original statutory scheme.

Plaintiffs have been permitted to intervene in the state case, and they are entitled to present their arguments to that forum. Whatever the outcome of the state

case, this federal case—a free-exercise challenge to a statutory limitation that has been removed by the political branches of Wisconsin's government—lacks any continuing significance. It would hardly be appropriate to retain it on the docket to permit the plaintiffs a form of collateral attack on the state decision, should their fears about the course of that litigation be realized. If the state courts decide adversely to the students, they may appeal through the state hierarchy and, if need be, to the Supreme Court of the United States. They cannot play off one court system against another. The state legislature gave plaintiffs what they sought, and this case is therefore moot. (Requests for attorneys' fees under 42 U.S.C. § 1988 do not breathe life into a moot case. See *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480, 110 S.Ct. 1249, 1255, 108 L.Ed.2d 400 (1990); *Diamond v. Charles*, 476 U.S. 54, 70–71, 106 S.Ct. 1697, 1707–08, 90 L.Ed.2d 48 (1986).)

To prevent the unreviewable decision of the district court from having any collateral consequence in the state litigation, we now vacate the judgment and remand with instructions to dismiss the litigation as moot. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–41, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1950); *Turner v. Chicago Housing Authority*, 969 F.2d 461, 464–65 (7th Cir.1992).