78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lawrence DALTON, Plaintiff-Appellant,
v.
COUNTY BOARD OF COMMISSIONERS, Aurelia Pucinski, and
Bergundy Compton-Day, Defendants-Appellees.
 No. 94-3029.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 20, 1996.*
Decided March 4, 1996.
 
 Before PELL, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Lawrence Dalton requested a copy of his criminal records and did not receive them, so sued the Clerk of the Circuit Court of Cook County and the County Board of Commissioners for monetary and injunctive relief claiming a violation of his civil rights. 42 U.S.C. § 1983. Defendants state that they since have given Dalton a copy of the record as it exists in the Clerk's records. This record did not include transcripts from his criminal trial which Dalton specifically had requested. Thus, to the extent that Dalton has requested equitable relief, his complaint is moot. See Miller v. Benson, 68 F.3d 163, 164 (7th Cir.1995).
 
 
 2
 Dalton's claim for monetary relief also fails. Because he did not allege that Clerk of the Circuit Court Aurelia Pucinski was directly involved in failing to provide him with a copy of his criminal record, she cannot be held personally liable. See Monell v. Department of Social Servs., 436 U.S. 658, 98 S.Ct. 2018 (1978) (no personal liability based on the doctrine of respondeat superior). His claim against the other defendants also fails because the failure to provide him with a copy of his criminal record did not violate the due process clause. Dalton points to no federal law guaranteeing an individual the right to copies of his state court criminal record. See United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir.) (party has an obligation to argue grounds and to support the argument with cites to authorities demonstrating why the district court should be reversed), cert. denied, 502 U.S. 845 (1991). Any breach of a state created right is not redressable under § 1983. Although the state must provide a copy of an individual's criminal record following a petition for habeas corpus relief, habeas corpus law is not invoked until after a petition is filed. See generally 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 19.2 at 504 (2d ed. 1994) (state record). Appellees point out that Dalton exercised his right to post-conviction relief in state proceedings and was represented by counsel in those proceedings. Thus, the Clerk's failure to fill his order did not delay or inhibit Dalton's right to seek post-conviction relief and did not implicate the due process clause. Without a breach of a constitutional right, Dalton's suit must fail.
 
 
 3
 We are troubled by Dalton's allegation that he repeatedly paid money for copies of the transcripts from his criminal trial. Because the Clerk's Office never filled his request, Dalton may have a right to recover his money or have his credit transferred to the court reporter to prepare transcripts. But these questions do not implicate federal law and are reserved to the Illinois judiciary.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)