**Talbert L. McCLENDON, Petitioner–Appellant,**

v.

**Clarence E. TRIGG, Superintendent, Respondent–Appellee.**

No. 95–2465.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 9, 1996.

Decided March 6, 1996.

Talbert L. McClendon (submitted on briefs), Plainfield, IN, Pro Se.

Pamela Carter, James D. Dimitri, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before FLAUM, EASTERBROOK, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

A prison disciplinary board took away some of Talbert McClendon's good time credits and reduced the rate at which he would earn good time in the future. He filed a suit under 42 U.S.C. § 1983 seeking damages, but soon realized that because of *Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), he could not obtain that relief without first obtaining a judgment setting aside the disciplinary board's decision. See *Miller v. Indiana Department of Corrections,* 75 F.3d 330 (7th Cir.1996). So McClendon filed a petition for a writ of habeas corpus. 28 U.S.C. § 2254. The district court denied his petition, and McClendon appealed. While the appeal was pending, McClendon died from conditions attributable to AIDS. His former custodian asks us to dismiss the case as moot, the established step when a prisoner dies. See *McMann v. Ross,* 396 U.S. 118, 90 S.Ct. 395, 24 L.Ed.2d 303 (1969); *Garvin v. Cochran,* 371 U.S. 27, 83 S.Ct. 122, 9 L.Ed.2d 4 (1962). We must decide whether *Heck* requires a different approach.

■ McClendon's estate is free to take over his § 1983 suit. *Anderson v. Romero,* 42 F.3d 1121 (7th Cir.1994). But that suit is not going anywhere while the disciplinary board's order stands, even though McClendon is no longer in custody. *Heck,* —— U.S. at ——, 114 S.Ct. at 2374 n. 10. Does the rule that a petition filed while a person is in custody may be adjudicated after custody ends, if collateral consequences of the conviction linger, mean that this case is not moot? See *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). That depends on whether the effect of *Heck* is a "collateral consequence" as *Carafas* and later cases use that term. Carafas was barred from holding certain offices, voting in state elections, and

serving as a juror. Similarly, *Minnesota v. Dickerson,* 508 U.S. 366, 372–73, 113 S.Ct. 2130, 2135 n. 2, 124 L.Ed.2d 334 (1993), held that the possibility that a conviction would be used to enhance a future sentence produced an ongoing controversy about the validity of the conviction. McClendon's administrative discipline did not create any similar legal disabilities—and when they are missing, the end of custody makes a collateral attack moot. See *Lane v. Williams,* 455 U.S. 624, 631–34, 102 S.Ct. 1322, 1326–28, 71 L.Ed.2d 508 (1982), which dismissed a collateral attack on the revocation of parole. Before the case could be decided, the prisoners were released; the Court held the case moot because there were no collateral consequences. *Lane* holds that potential adverse reactions of future employers are not legal consequences of the decision under challenge. Death means that McClendon cannot suffer any future consequences, of any kind, from the prison discipline. Difficulty in collecting damages *for* discipline is not a collateral consequence *of* discipline.

■ Several analogous lines of decisions fortify this conclusion. Consider for example the question whether a deceased prisoner's estate or relatives may pursue a petition for writ of error coram nobis, both to clear his name and to set up the possibility of financial recovery. We held in *United States v. Kerner,* 895 F.2d 1159 (7th Cir.1990), that this is not possible, even where the objective is to recover for the estate a fine the defendant paid to the United States. *Kerner* holds that collateral relief is justified only by continuing limits on personal liberty. See also *United States v. Bush,* 888 F.2d 1145 (7th Cir.1989); *Wickstrom v. Schardt,* 798 F.2d 268, 270 (7th Cir.1986). When the dispute is entirely financial, the rules for ordinary civil litigation control. Parties to civil cases cannot use § 2254 to get relief from state judgments or decisions, and as a rule cannot ask the inferior federal courts to review decisions of state courts or agencies. Or consider the question whether a dispute about who pays for attorneys' fees keeps a suit under § 1983 alive, when the original subject of contention has been resolved. *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 480, 110 S.Ct. 1249, 1255, 108 L.Ed.2d 400 (1990), and *Diamond v.*

*Charles,* 476 U.S. 54, 70–71, 106 S.Ct. 1697, 1707–1708, 90 L.Ed.2d 48 (1986), hold that the entire case becomes moot with its principal subject. See also *Miller v. Benson,* 68 F.3d 163 (7th Cir.1995).

Section 2254 authorizes a federal court to grant relief from unlawful custody, not to adjudicate all potential grievances between a prisoner and the state. McClendon is no longer a prisoner of Indiana. Any collateral consequences of that custody ended with his death (if indeed the board's order extended his custody—although it may be that his death terminated custody before the date he would have been released had there been no discipline, and in that event he cannot show damages). McClendon's estate may be able to challenge the disciplinary decision in state court, by writ of error coram nobis or its cousin in Indiana practice. See *Lowery v. McCaughtry,* 954 F.2d 422 (7th Cir.1992). He must use the avenues made available by Indiana rather than those under § 2254. This action is moot, and we accordingly vacate the judgment of the district court and remand with instructions to dismiss. *United States v. Munsingwear, Inc.,* 340 U.S. 36, 39–41, 71 S.Ct. 104, 106–107, 95 L.Ed. 36 (1950); *Turner v. Chicago Housing Authority,* 969 F.2d 461, 464–65 (7th Cir.1992).