Beverly B. MANN, Plaintiff–Appellant,

v.

Jesse WHITE, Defendant–Appellee.

No. 01–2586.

United States Court of Appeals, Seventh Circuit.

Submitted July 25, 2002 *.

Decided July 25, 2002.

Before POSNER, KANNE, and EVANS, Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R.App. P. 34(a)(2).

### ORDER

Beverly Mann's Illinois driver's license was summarily suspended after she failed to appear in an Indiana court on a traffic violation. Instead of pursuing remedies available to her in Illinois, such as requesting a post-suspension hearing, 625 ILCS 5/2–118, Mann filed in federal court what she styled an "Emergency Petition for Writ of Temporary Mandamus or Prohibition." In that petition Mann alleged that she was entitled to a pre-suspension hearing under the Due Process Clause of the Fourteenth Amendment and specifically sought as relief an order directing Jesse White, the Illinois Secretary of State, to remove the suspension. Relying on the Supreme Court's decision in *Dixon v. Love*, 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977), the district court dismissed her petition.

As for the merits, the district court undoubtedly reached the right result under *Dixon*, as well as *Burgess v. Ryan*, 996 F.2d 180 (7th Cir.1993), but all that is to one side because subsequent events have rendered the appeal moot. Shortly after Mann filed her notice of appeal, she received word that the Secretary of State's Office had removed the suspension. Mann has received the only relief she requested in her petition, meaning that there is no relief we could afford her on appeal *See Fuller v. Dillon*, 236 F.3d 876, 883 (7th Cir.), *cert. denied*, 532 U.S. 1072, 121 S.Ct. 2229, 150 L.Ed.2d 220 (2001); *In re Turner*, 156 F.3d 713, 717 (7th Cir.1998); *In re Envirodyne Indus., Inc.*, 29 F.3d 301, 303 (7th Cir.1994); *James Luterbach Constr. Co. v. Adamkus*, 781 F.2d 599, 602 (7th Cir.1986). Because the appeal is moot, we VACATE the judgment of the district court and REMAND with instructions to dismiss the case as moot. *See Lewis v.*

*Cont'l Bank Corp.*, 494 U.S. 472, 482, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) ("Our ordinary practice in disposing of a case that has become moot on appeal is to vacate the judgment with directions to dismiss."); *Kinney v. Fed. Sec., Inc.*, 272 F.3d 924, 925 (7th Cir.2001) (per curiam); *Diaz v. Duckworth*, 143 F.3d 345, 348 (7th Cir. 1998); *Miller v. Benson*, 68 F.3d 163, 165 (7th Cir.1995) (per curiam).