[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10255
_____

D.C. Docket No. 0:06-cv-60370-MGC


MICHAEL GEORGE BRUNO, SR.,

Petitioner - Appellant,

versus

SECRETARY,
FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 30, 2012)

Before TJOFLAT, MARTIN and EDMONDSON, Circuit Judges.

PER CURIAM:

Michael George Bruno, Sr., a Florida death row inmate, appeals from the

district court's denial of his first federal habeas corpus petition, brought pursuant

to 28 U.S.C. § 2254.  This case is currently under submission after briefing and oral argument.

On October 24, 2012, Mr. Bruno's counsel filed a motion to dismiss appeal because he was notified on October 23 that Mr. Bruno died of natural causes.  The Florida Department of Corrections' website now also indicates that Mr. Bruno is deceased.  See Offender Search, Florida Department of Corrections, (last updated October 23, 2012).

The death of the habeas petitioner renders a habeas action moot.  See Dove v. United States, 423 U.S. 325, 96 S. Ct. 579 (1976).  In light of this, we vacate the judgment and remand the case to the district court with directions to dismiss the case as moot.  See Knapp v. Baker, 509 F.2d 922, 922–23 (5th Cir. 1975);[1] see also Griffey v. Lindsey, 349 F.3d 1157, 1157 (9th Cir. 2003); McMillin v. Bowersox, 102 F.3d 987 (8th Cir. 1996); Hillman v. McCaughtry, 14 F.3d 350, 350 (7th Cir. 1994); Hann v. Hawk, 205 F.2d 839, 839–40 (8th Cir. 1953).

**VACATED AND REMANDED WITH INSTRUCTIONS.**

---

[1]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.