**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4027
_____

WILLIAM A. KEITEL,

Appellant

v.

JOSEPH MAZURKIEWICZ;
THE ATTORNEY GENERAL OF THE STATE OF
PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2-11-cv-01209)
District Judge:  Hon. Nora B. Fischer

Before:  CHAGARES, VANASKIE, and SHWARTZ, Circuit
Judges.

(Filed: August 30, 2013)
_____

OPINION
_____

Chris R. Eyster, Esq.
100 Ross Street
Suite 304
Pittsburgh, PA 15219-2013
        Attorney for Appellant

Ronald M. Wabby, Jr., Esq.
Office of the District Attorney
401 Allegheny County Courthouse
Pittsburgh, PA 15219
        Attorney for Appellees

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Appellant William Keitel was convicted in late 1998 by a jury in the Pennsylvania Court of Common Pleas of first degree murder, third degree murder, aggravated assault, and five counts of recklessly endangering another person. Keitel's aggregate sentence was life imprisonment plus thirty-five to seventy years of imprisonment. Keitel unsuccessfully appealed his convictions and sentence. His efforts to seek relief under Pennsylvania's Post Conviction Relief Act were similarly unsuccessful.

Keitel filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Pennsylvania in September 2011. The District Court denied the petition and Keitel timely appealed. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

The case has been fully briefed by the parties and is listed to be heard by the Court on September 26, 2013.

However, the parties notified the Court that Keitel died on August 11, 2013. The appellees now contend that Keitel's case is moot and should be dismissed. In response, Keitel's attorney of record has advised the Court that Keitel's parents, his "next of kin," desire "to continue the appeal to clear their son's name."

Article III of the Constitution limits the federal courts to adjudication of actual, ongoing "[c]ases" and "[c]ontroversies." U.S. Const. art. III, § 2, cl. 1. The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). "Courts enforce the case-or-controversy requirement through several justiciability doctrines," which "include standing, ripeness, mootness, the political-question doctrine, and the prohibition on advisory opinions." Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009). As we have observed, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). We consider whether Keitel's death renders this appeal moot.

Section 2254 empowers a federal court to grant a petitioner relief from unlawful state custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (noting that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); Barry v. Brower, 864 F.2d 294, 296 (3d Cir.

3

1988) (holding that "a district court's power to grant a writ of habeas corpus under 28 U.S.C. § 2254 is limited . . . to directing [the petitioner's] release from custody."). Because Keitel has died, he is no longer "in custody." See 28 U.S.C. § 2254(a). Accordingly, we conclude that Keitel's habeas petition has been rendered moot by his death. We note that our decision today is in accord with that of every other Court of Appeals to have considered this issue. See, e.g., Bruno v. Sec'y, Fla. Dep't of Corr., 700 F.3d 445, 445 (11th Cir. 2012) ("The death of the habeas petitioner renders a habeas action moot."); Garceau v. Woodford, 399 F.3d 1101, 1101 (9th Cir. 2005); McMillin v. Bowersox, 102 F.3d 987, 987 (8th Cir. 1996); McClendon v. Trigg, 79 F.3d 557, 559 (7th Cir. 1996); Knapp v. Baker, 509 F.2d 922, 922 (5th Cir. 1975). See also Lockhart v. McCree, 476 U.S. 162, 168 n.2 (1986) ("[T]he habeas petitioner . . . died prior to the District Court's decision, so his case became moot."); In re Kravitz, 504 F.Supp. 43, 49-50 (M.D. Pa. 1980).

For the foregoing reasons, we will vacate the District Court's order denying the petition and remand this case to the District Court with instructions to dismiss the petition as moot.