**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATASHA N. JACKSON; et al., | No. 12-16995 |
| Plaintiffs - Appellants, | D.C. No. 1:11-cv-00734-ACK-KSC |
| v. | |
| NEIL S. ABERCROMBIE, Governor, State of Hawai'i, | MEMORANDUM[*] |
| Defendant, | |
| And | |
| LINDA ROSEN, Director, Department of Health, State of Hawai'i, | |
| Defendant - Appellee, | |
| HAWAII FAMILY FORUM, | |
| Intervenor-Defendant - Appellee. | |

| | |
|---|---|
| GARY BRADLEY; et al., | No. 12-16998 |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

| | |
|---|---|
| Plaintiffs, | D.C. No. 1:11-cv-00734-ACK-KSC |
| v. | |
| NEIL S. ABERCROMBIE, Governor, State of Hawai'i, | |
| Defendant - Appellant, | |
| LINDA ROSEN, Director, Departent of Health, State of Hawai'i, | |
| Defendant - Appellee, | |
| HAWAII FAMILY FORUM, | |
| Intervenor-Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, Senior District Judge, Presiding

Argued and Submitted September 8, 2014
San Francisco, California

Before: REINHARDT, GOULD, and BERZON, Circuit Judges.

After the district court issued its decision in this case, and while these appeals were pending, Hawaii enacted the Marriage Equality Act of 2013 ("MEA"), Act 1 (S.B. 1), Laws 2013, 2d Sp. Sess.; Haw. Rev. Stat. § 572-1 (2013), allowing same-sex couples to get married in the state. Plaintiffs have subsequently

married their same-sex partners in Hawaii. Because MEA gave Plaintiffs "'everything [they] hoped to achieve' by [their] lawsuit," this case is now moot. *Log Cabin Republicans v. United States*, 658 F.3d 1162, 1166 (9th Cir. 2011) (per curiam) (quoting *Chem. Prod. & Distribs. v. Helliker*, 463 F.3d 871, 876 (9th Cir. 2006)). "[A] case is moot when the challenged statue is repealed, expires or is amended to remove the challenged language." *Id*. "Where intervening legislation has settled a controversy involving only injunctive or declaratory relief, the controversy has become moot." *Helliker*, 463 F.3d at 875 (quoting *Bunker Ltd. P'ship. v. United States*, 820 F.2d 308, 311 (9th Cir. 1987)) (internal quotation marks omitted). Contrary to Intervenor Hawaii Family Forum ("HFF")'s claim, the mere fact that someone has challenged MEA in independent litigation does not defeat mootness. *See Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1181 (10th Cir. 2000); *Miller v. Benson*, 68 F.3d 163, 164–65 (7th Cir. 1995) (per curiam).

When a case becomes moot on appeal, our general practice "is to reverse or vacate the decision below with a direction to dismiss." *NASD Dispute Resolution, Inc. v. Judicial Council of the State of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997)). There are exceptions to this general rule, but none is applicable in this case. *See, e.g.*,

3

*ACLU of Nev. v. Masto*, 670 F.3d 1046, 1065 (9th Cir. 2012) (citing *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship.*, 513 U.S. 18, 24 (1994)) (vacatur not appropriate when the party seeking relief from the judgment below caused the mootness by voluntary action). Vacatur is particularly appropriate here in light of yesterday's decision in *Latta v. Otter*, No. 14-35420 (9th Cir. Oct. 7, 2014).

Accordingly, we vacate the district court's judgment and remand with instructions to dismiss the case as moot. In light of this disposition, HFF's motion to dismiss Governor Abercrombie's appeal for lack of appellate standing is denied as moot.

VACATED and REMANDED with directions to DISMISS.