NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1657
_____

THE DORIS BEHR 2012 IRREVOCABLE TRUST;
HAL S. SCOTT,
                              Appellants

v.

JOHNSON & JOHNSON

CALIFORNIA PUBLIC EMPLOYEES RETIREMENT SYSTEM;
COLORADO PUBLIC EMPLOYEES RETIREMENT ASSOCIATION,
(Intervenors in D.C.)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-19-cv-08828)
District Court Judge: Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
on April 24, 2023

Before:  KRAUSE, BIBAS, and RENDELL, *Circuit Judges*.

(Filed: May 9, 2023)
_____

**OPINION**[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

KRAUSE, *Circuit Judge*.

The Doris Behr 2012 Irrevocable Trust and Hal Scott (collectively, Plaintiffs) seek a declaratory judgment on the legality of a shareholder proposal they submitted to Johnson & Johnson (Defendant). The District Court ruled that Plaintiffs' suit was non-justiciable and thus dismissed for lack of subject matter jurisdiction. We agree and will affirm.

## I.    BACKGROUND

Plaintiffs are shareholders of Defendant. In 2019, they submitted a proposal for inclusion in Defendant's proxy materials that would have directed the board of directors to adopt a bylaw requiring shareholders to arbitrate securities claims against the Defendant or its officers or directors. Concerned that the bylaw would violate federal and New Jersey law, Defendant informed the U.S. Securities and Exchange Commission (SEC) staff that Defendant planned to exclude the proposal and requested a no-action letter. The New Jersey Attorney General urged the SEC staff to grant no-action relief, opining that New Jersey law forbade Plaintiffs' proposed bylaw. In support of that view, the Attorney General relied on a recent Delaware Court of Chancery decision invalidating a similar bylaw. *See* App. 76–77 (discussing *Sciabacucchi v. Salzberg*, No. 2017-0931-JTL, 2018 WL 6719718 (Del. Ch. Dec. 19, 2018)). Treating the Attorney General's position as authoritative, the SEC staff issued a no-action letter. In reliance on that letter, Defendant omitted Plaintiffs' proposal from its 2019 proxy materials.

Plaintiffs then sued Defendant in the District Court, seeking both a declaratory judgment confirming the legality of their proposed bylaw under both New Jersey and federal law and an injunction requiring Defendant to include the proposal in its proxy materials.

2

As the parties litigated this suit, the Delaware Supreme Court reversed the Chancery Court opinion that the New Jersey Attorney General had relied upon before the SEC. *See* App. 27 (citing *Salzberg v. Sciabacucchi*, 227 A.3d 102 (Del. 2020)). Following that decision, Defendant relented in its opposition to Plaintiffs' proposal and agreed to include the proposal in future proxy materials.

Plaintiffs subsequently resubmitted their proposal twice—once in 2022 and again in 2023. On both occasions, Defendant included the proposal in its proxy materials, but Plaintiffs withdrew their proposal before the shareholder vote.

Defendant moved to dismiss Plaintiffs' suit for lack of subject matter jurisdiction. The District Court granted that motion and Plaintiffs timely appealed.

## II.     DISCUSSION[1]

Article III limits the jurisdiction of the federal courts to "actual, ongoing cases and controversies." *Keitel v. Mazurkiewicz*, 729 F.3d 278, 279 (3d Cir. 2013) (quotation omitted). We enforce the case or controversy requirement through doctrines including ripeness and mootness. *Id.* at 280. Applying those doctrines here, we hold that Plaintiffs' suit is non-justiciable.

---

[1] The District Court had putative jurisdiction under 28 U.S.C. §§ 1331, 1367. We have jurisdiction under 28 U.S.C. § 1291. *See Guerra v. Consol. Rail Corp.*, 936 F.3d 124, 131 (3d Cir. 2019) ("[W]e always have jurisdiction to determine our own jurisdiction." (quotation omitted) (cleaned up)). We review a dismissal for lack of subject matter jurisdiction de novo. *Manivannan v. U.S. Dep't of Energy*, 42 F.4th 163, 169 (3d Cir. 2022). In doing so, we accept the complaint's well-pleaded allegations as true and review them in the light most favorable to Plaintiffs. *Id.*

According to Plaintiffs, their suit presents a justiciable controversy regarding two injuries: (1) Defendant's exclusion of Plaintiff's proposal from its 2019 proxy materials on the grounds of illegality and refusal to retract or correct that disparagement created a "cloud of legal uncertainty," Opening Br. 23, that "make[s] it impossible for the proposal to receive a fair vote in *any* future shareholder meeting," *id.* at 18,;[2] and (2) Defendant could "return to excluding the [Plaintiffs'] proposal from its proxy materials at any point in the future," *id.* at 29.

Neither asserted injury suffices. The possibility that a shareholder vote on Plaintiffs' proposal could be distorted by Defendant's prior exclusion of the proposal is too contingent to create a ripe dispute. And Plaintiffs' case is moot to the extent they argue that Defendant will once again exclude their proposal because Defendant has repeatedly demonstrated its willingness to include that proposal in its proxy materials.

### A. Ripeness

Plaintiffs' conjecture that a future shareholder vote on their proposal would be unfair fails to establish a ripe dispute since such a vote "may not occur as anticipated, or indeed may not occur at all." *Trump v. New York*, 141 S. Ct. 530, 535 (2020) (per curiam) (quotation omitted). In declaratory judgment actions, we assess ripeness by considering: "(1) the adversity of the parties' interests, (2) the conclusiveness of the judgment, and (3)

---

[2] Notably, Plaintiffs do not directly challenge Defendant's decision to exclude their proposal from its 2019 proxy materials. Nor could they. Declaratory relief is "by definition prospective in nature," so Plaintiffs cannot seek a declaratory judgment to remedy past harm. *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 628 (3d Cir. 2013).

the utility of the judgment." *Mazo v. N.J. Sec'y of State*, 54 F.4th 124, 135 (3d Cir. 2022) (quotation omitted). Each of these factors confirms Plaintiffs' case is unripe.

The parties' interests are not sufficiently adverse, as Plaintiffs' "claim involves uncertain and contingent events, [instead of] a real and substantial threat of harm." *Wayne Land & Min. Grp. LLC v. Del. River Basin Comm'n*, 894 F.3d 509, 523 (3d Cir. 2018) (quotation omitted). Plaintiffs have prevented a shareholder vote to date by repeatedly withdrawing their proposal. And even if such a vote were to occur, Plaintiffs' assertion that the vote would be tainted by Defendant's prior exclusion of the proposal is entirely speculative. Because the possibility of an unfair shareholder vote is both uncertain and contingent, "the adversity of interest[s] between the parties here is minimal." *Armstrong World Indus., Inc. by Wolfson v. Adams*, 961 F.2d 405, 420 (3d Cir. 1992).

Nor would a declaratory judgment be conclusive. Rather, the judgment would merely advise "what the law would be upon a hypothetical state of facts," if Plaintiffs were to resubmit their proposal, allow it to proceed to a vote, and prevail on that vote. *Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1155 (3d Cir. 1995) (quotation omitted). Without those "necessary facts," *id.*—none of which is certain to occur—the declaratory judgment "would itself be a contingency," *Armstrong*, 961 F.2d at 412 (quotation omitted).[3]

---

[3] Plaintiffs contend their case is nevertheless ripe because it presents a pure question of law. However, "[t]he presence of a purely legal question is not enough, of itself, to render a case ripe for judicial review, not even as to that issue." *Armstrong*, 961 F.2d at 421 (quoting *Off. of Commc'n of United Church of Christ v. FCC*, 826 F.2d 101, 105 (D.C. Cir. 1987)).

Finally, the declaratory judgment would have limited practical utility. To gauge utility, we look to "the hardship to the parties of withholding judgment." *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 345 (3d Cir. 2001). Here, there is no indication Defendant's "plans of actions are likely to be affected by a declaratory judgment," *Plains All Am. Pipeline L.P. v. Cook*, 866 F.3d 534, 543 (3d Cir. 2017) (quotation omitted), as Defendant has demonstrated it will include Plaintiffs' proposal in its proxy materials regardless. Likewise, withholding judgment would not impose a hardship on Plaintiffs because they are already able to submit their proposal to a shareholder vote. Unless the shareholders approve Plaintiffs' proposal, the requested declaratory judgment would provide minimal "practical help to the parties." *Travelers Ins.*, 72 F.3d at 1155.

In sum, the possibility of an unfair shareholder vote is too contingent to create a ripe dispute here.

### B.     Mootness

This case is also non-justiciable notwithstanding Plaintiffs' assertion that Defendant could exclude their proposal from its future proxy materials. Under the mootness doctrine, we lack jurisdiction when an intervening development makes it "impossible for us to grant any effectual relief whatever to the prevailing party." *Clark v. Governor of N.J.*, 53 F.4th 769, 775 (3d Cir. 2022) (quotation omitted). At the outset of this lawsuit, Plaintiffs sought a declaratory judgment establishing the legality of their proposed bylaw to prevent Defendant from excluding that proposal from its proxy materials. But that barrier has since been lifted, as Defendant has agreed to put Plaintiffs' proposal up for a shareholder vote. Indeed, Defendant has already included Plaintiffs' proposal in its proxy materials twice. *Cf. N.Y.*

6

*City Emps.' Ret. Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992) ("[T]he proposal was included in the mailing to shareholders. Since the relief sought by [plaintiff] was secured by the mailing of the proxy . . . the controversy is no longer alive."). Because Defendant has shown that it will not exclude their proposal, Plaintiffs no longer have a "personal stake in the outcome" of this lawsuit so we "must dismiss the case as moot." *LaSpina v. SEIU Pa. State Council*, 985 F.3d 278, 289 (3d Cir. 2021) (quotation omitted).

To avoid that conclusion, Plaintiffs emphasize that Defendant's changed position amounts to voluntary cessation of a challenged action. We agree and recognize Defendant therefore bears "the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). In a suit for declaratory relief, the Defendant must show "there is no reasonable likelihood that a declaratory judgment would affect the parties' future conduct." *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 306 (3d Cir. 2020).

Defendant has met its burden here for two reasons: First, Defendant changed its position in response to the Delaware Supreme Court's reversal of the Chancery Court ruling that had provided the foundation for both the New Jersey Attorney General's opinion and the SEC staff's no-action letter. *See id.* at 307 (noting the "argument for mootness is much stronger" when a defendant's cessation is attributable to a "ruling in a completely different case"). Second, it is absolutely clear that Defendant will not exclude Plaintiffs' proposal because Defendant has actually included that proposal in its proxy materials twice. This suit is therefore moot despite Defendant's voluntary cessation.

7

Alternatively, Plaintiffs contend that this case satisfies the capable of repetition yet evading review exception to mootness. We disagree. That exception is "narrow and available only in exceptional situations," *Rendell v. Rumsfeld*, 484 F.3d 236, 241 (3d Cir. 2007) (quotation omitted), in which "there is a reasonable expectation that the same complaining party will be subject to the same action again," *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016) (quotation omitted). Plaintiffs argue that Defendant *could* exclude their proposal again. But Defendant's repeated inclusion of Plaintiffs' proposal in its proxy materials belies any reasonable expectation that Defendant will do so. Instead, "the inescapable fact is—as [Plaintiffs'] speculation about [Defendant's] future actions reflects—they cannot make a reasonable showing that they will again be subjected to the alleged illegality." *McNair v. Synapse Grp.*, 672 F.3d 213, 226 (3d Cir. 2012) (quotation omitted).

## III. CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.