**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3524
_____

LORELIE HARTWELL,
as Personal Representative of Lawrence Saffeels,
Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-20-cv-01832)
District Judge: Hon. Matthew W. Brann
_____

Argued on September 6, 2023

Before: CHAGARES, Chief Judge, HARDIMAN, and FREEMAN, *Circuit Judges*.

(Filed:  October 2, 2023)

Xiao Wang [Argued]
University of Virginia School of Law
580 Massie Road
Charlottesville, VA 22903

    *Counsel for Appellant*

Michael J. Butler [Argued]
Joseph J. Terz
Office of United States Attorney
Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse
1501 N 6th Street, 2nd Floor

P.O. Box 202
Harrisburg, PA 17102

Counsel for Appellee

_____

OPINION[*]
_____

HARDIMAN, *Circuit Judge*.

Lorelie Hartwell, as personal representative of her brother, Lawrence A. Saffeels, appeals the District Court's order dismissing Saffeels's habeas corpus petition as moot. We will dismiss the appeal for lack of jurisdiction.

I

Saffeels was serving a state prison sentence in 1991 when he was convicted in federal court of firearms charges and sentenced to 360 months' imprisonment. That judgment of sentence gave Saffeels 153 days of credit for time he served between his arrest and sentencing. Following developments in Supreme Court jurisprudence, the sentencing court later resentenced Saffeels to 300 months' imprisonment, but the revised judgment did not mention the 153-day credit.

In 2019, Saffeels asked the Bureau of Prisons (BOP) to apply the credit to his sentence, but the BOP denied his request. After exhausting his administrative remedies, Saffeels filed a habeas petition with the District Court under 28 U.S.C. § 2241 seeking

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

application of the credit and release on November 25, 2020. While his habeas petition was pending before the District Court, Saffeels's sentencing court notified the BOP that his federal and state prison sentences were to run concurrently rather than consecutively. This led the BOP to release Saffeels on November 10, 2020, fifteen days prior to the date he requested in his habeas petition. Saffeels began a five-year term of supervised release upon leaving federal prison.

The Government claimed that Saffeels's release from custody rendered his case moot. The District Court agreed with the Government, holding that Saffeels's release eliminated any possible relief under § 2241. Saffeels timely appealed the District Court's order and we appointed him pro bono counsel,[1] but he passed away during the pendency of this appeal, so Hartwell was substituted in his stead.

## II[2]

When Saffeels filed his notice of appeal, we had jurisdiction under 28 U.S.C. § 1291 to review the District Court's order dismissing his petition as moot. *Ruocchio v. United Transp. Union, Loc. 60*, 181 F.3d 376, 382 & n.8 (3d Cir. 1999). But things changed when Saffeels died. "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). We lack jurisdiction if there is no relief available to an injured

---

[1] We are grateful to the students of the Northwestern University Pritzker School of Law's Appellate Advocacy Center and their director, Xiao Wang, for their able representation of Saffeels and Hartwell.

[2] The District Court had jurisdiction over Saffeels's habeas petition under 28 U.S.C. §§ 1331 and 2241.

party or if the outcome of a case will not affect the litigants' rights. *Id.* The purpose of a petition for writ of habeas corpus is release from custody. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). But a prisoner who dies is no longer in government custody. *See, e.g., Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013).

Notwithstanding Saffeels's death, Hartwell argues that his estate may be entitled to damages for time he wrongfully spent in prison. We express no opinion on that argument, except to say it is not a collateral consequence that supports maintaining this habeas action. *See Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (rejecting the argument that a speculative future monetary damages claim is relevant when determining if a habeas claim is moot). Saffeels sought only an earlier release from custody based on the time-served credit. That remedy can no longer benefit Saffeels or Hartwell, so the appeal is moot.

Contrary to Hartwell's argument, our decision in *Keitel* does not undermine our decision today. In that case, a habeas petitioner died while his appeal was pending, and we vacated the district court's order and remanded with instructions to dismiss the case as moot. But we did so after the district court had ruled against the petitioner on the merits. 729 F.3d at 279–80. That appeal's procedural posture dictated that disposition. *See, e.g., Cnty. of Butler v. Governor of Pa.*, 8 F.4th 226, 231–32 (3d Cir. 2021). Unlike in *Keitel*, here the District Court dismissed Saffeels's petition as moot without deciding the merits. It thus makes little sense for us to vacate and remand with instructions to the District Court to do again what it already did. So we will dismiss the appeal for lack of jurisdiction.

4